UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

People of the State of New York, et. al.,                     Case No. 21-cv-322 (CM)(GWG)

                Plaintiff,                                  **Motion to Intervene**

    -against-

The City of New York, et al.,,

                Defendant.
-------------------------------------------------------- X

**PLEASE TAKE NOTICE** that pursuant to the Federal Rule of Civil Procedure ("FRCP") Rule 24 and 10(c), I, Towaki Komatsu, am submitting this motion to be granted the following relief in this case:

1. Intervention as of right pursuant to FRCP Rule 24(a)(2) or permissive intervention pursuant to FRCP Rule 24(b) in order to intervene in this case as an interested party or to appear in it as an amicus curiae in the alternative.

2. The issuance of an order that declares that this Court will not accept letters from anyone to have it consider applications to be granted the relief that I just specified to uphold my Fourteenth Amendment equal protection and due process rights in response to the fact that Cecilia Rudden of the Pro Se Intake Unit for the Southern District of New York decided today to impermissibly exalt form over substance in flagrant violation of the following controlling findings in *Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005) by requiring my application to intervene in this case to be in the form of a formal motion instead of a letter to be properly construed as a motion that was done previously on my behalf in other federal court litigation in this district

in which I sought to intervene pursuant to FRCP Rule 24:

    a.    "the Rules command us never to exalt form over substance."

    b.    "Technical pleading irregularities are to be excused"

    c.    "the rule against technical forms of pleading"

This motion to intervene is supported by the following attachments:

1. The attached memorandum of law of Towaki Komatsu dated February 4, 2021.

2. The letters motions dated 1/29/21 and 1/30/21 that I submitted via e-mail for acceptance and diligent review in this case by U.S. Chief Judge Colleen McMahon to the Pro Se Intake Unit on 1/29/21 at 9:47 am and 1/30/21 at 6:37 pm in accordance with applicable rules for such e-mail submissions by pro se litigants.

From,                                                                                          **Date**: February 4, 2021

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

People of the State of New York, et. al.,                Case No. 21-cv-322 (CM)(GWG)

                Plaintiff,

    -against-

The City of New York, et al.,,

                Defendant.
---------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY 10460
Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com

## PRELIMINARY REMARKS

I, Towaki Komatsu, submit this memorandum of law pursuant to Federal Rules of Civil Procedure ("FRC") Rule 24 and 10(c) in support of my motion to be granted intervention as of right pursuant to FRCP Rule 24(a)(2) or permissive intervention pursuant to FRCP Rule 24(b) in order to intervene in this case as an interested party or to appear in it as an amicus curiae in the alternative.

Earlier today, I received a telephone call at 9:17 am from the telephone number of 212-805-0003. The person who called me then was Cecilia Rudden. She is a supervisor who works for the Pro Se Intake Unit for the U.S. District Court for the Southern District of New York. During that telephone call that I legally recorded on audio that is available on the Internet at https://drive.google.com/file/d/1qQU_6_7vud4Qo0kfmrhmO1aN9I3zSIv3/view?usp=sharing, she contumaciously stated to me that she would allow earlier submissions that I submitted via e-mail on 1/29/21 and 1/30/21 to that Pro Se Intake Unit to be docketed in this case to allow them to be reviewed by U.S. Chief Judge Colleen McMahon. Those earlier submissions were prepared and submitted by me in the form of letter motions. Ms. Rudden further told me today that she wouldn't allow any letters to be used and submitted to the Pro Se Intake Unit that she came across to accepted for submission to a federal judge to allow them to be construed as letter motions for the purpose of applying to intervene in a case or otherwise appear as an interested party pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 24. In short, Ms. Rudden made remarks during that telephone call that I legally recorded on audio in which she flagrantly violated the following controlling findings in *Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005) by requiring my application to intervene in this case to be in the form of a formal motion instead of a letter to be properly construed as a motion that was done previously on my behalf in other

federal court litigation in this district in which I sought to intervene or otherwise appear as an interested party pursuant to FRCP Rule 24:

    a. "the Rules command us never to exalt form over substance."

    b. "Technical pleading irregularities are to be excused"

    c. "the rule against technical forms of pleading"

Furthermore, by having acknowledged during my telephone call with her today that she was refusing to have my 1/29/21 and 1/30/21 submissions to the Pro Se Intake Unit docketed, Ms. Rudden confirmed that she illegally violated the public's First Amendment right to access legal public legal filings that are submitted in court cases as soon as possible as she illegally violated the following controlling findings that are about First Amendment and Fourteenth Amendment rights, illegal obstruction of justice, and denying access to the courts that are from **a)** _Dresner v. Tallahassee_, 375 U.S. 136, 84 S. Ct. 235, 11 L. Ed. 2d 208 (1963), **b)** _Calvary Chapel Dayton Valley v. Sisolak_, 140 S. Ct. 2603 (U.S. 2020), **c)** _Whalen v. County of Fulton_, 126 F.3d 400 (2d Cir. 1997), **d)** _Agudath Israel of America v. Cuomo_, No. 20-3572 (2d Cir. Dec. 28, 2020), **e)** _Cityspec, Inc. v. Smith_, 617 F. Supp. 2d 161 (E.D.N.Y. 2009), **f)** _Crispin v. Westchester County_, No. 18-cv-7561 (VB) (S.D.N.Y. June 10, 2019), and **g)** _Singh v. US Dept. of Justice_, 461 F.3d 290 (2d Cir. 2006):

    a. **Excerpt from Dresner v. Tallahassee**:

        "It is fundamental that our constitutions accord to the citizen of the United States the right of freedom of speech and of assembly and to peaceably petition for a redress of grievances. Such freedoms are jealously guarded and when exercised in good faith and in good order may not be lawfully interfered with by governmental action."

    b. **Excerpt from Calvary Chapel Dayton Valley v. Sisolak**:

        "respecting some First Amendment rights is not a shield for violating others."

    c. **Excerpt from Whalen v. County of Fulton**:

"The constitutional right of access is violated where government officials obstruct legitimate efforts to seek judicial redress. *See Barrett v. United States,* 798 F.2d 565, 575 (2d Cir.1986) ("[T]he Constitution protects causes of action from arbitrary interference" by government officials.); *see, e.g., Bell v. City of Milwaukee,* 746 F.2d 1205, 1261 (7th Cir.1984) (police conspiracy to cover up facts of victim's fatal shooting violated right of access). "[W]hen government officials thwart vindication of a claim by violating basic principles that enable civil claimants to assert their rights effectively," an unconstitutional deprivation of a cause of action occurs. *Barrett,* 798 F.2d at 575."

d. **Excerpt from Agudath Israel of America v. Cuomo**:

"No public interest is served by maintaining an unconstitutional policy when constitutional alternatives are available to achieve the same goal."

e. **Excerpt from Cityspec, Inc. v. Smith**:

"The First Amendment protects the right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Monsky v. Moraghan,* 127 F.3d 243, 246 (2d Cir.1997); *Patriots Way, LLC v. Marconi,* 2007 WL 988712 *4 (D.Conn.2007). When the government obstructs an individual's effort to seek judicial redress, this right is violated. *Whalen v.County of Fulton,* 126 F.3d 400, 406 (2d Cir.1997). Also protected is "[t]he right to complain to public officials and to seek administrative and judicial relief." *Hampton Bays Connections, Inc. v. Duffy,* 127 F.Supp.2d 364, 372 (E.D.N.Y.2001) (quoting, *Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir.1994))."

f. **Excerpt from Crispin v. Westchester County**:

"To state a claim for denial of access to the courts, "a plaintiff must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003)"

g. **Excerpt from Singh v. US Dept. of Justice**:

"At least since *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), the Supreme Court has held that an administrative agency must adhere to its own regulations. *See also Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."); *Columbia Broad. Sys., Inc. v. United States,* 316 U.S. 407, 422, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942) (holding that agencies are bound to follow regulations on which individuals justifiably rely)."

By refusing to allow my 1/29/21 and 1/30/21 submissions to the Pro Se Intake Unit for this case

to be docketed as soon as possible, Ms. Rudden's remarks to me confirmed that she violated the findings that are shown in the following excerpts from **a)** *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978), **b)** *Bernstein v. Bernstein Litowitz Berger & Grossmann*, 814 F.3d 132 (2d Cir. 2016), **c)** Nebraska Press Assn. v. Stuart, 427 U.S. 539, 96 S. Ct. 2791, 49 L. Ed. 2d 683 (1976), and **d)** *Craig v. Harney*, 331 U.S. 367, 67 S. Ct. 1249, 91 L. Ed. 1546 (1947) that concern the public's First Amendment right to have access to public legal filings as soon as possible that are submitted in court cases:

   a. **Excerpt from Nixon v. Warner Communications, Inc.**:

   "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents,[7] including judicial records and documents.[8] In contrast to the English practice, see, *e. g., Browne* v. *Cumming,* 10 B. & C. 70, 109 Eng. Rep. 377 (K. B. 1829), American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, see, *e. g., State ex rel. Colscott* v. *King,* 154 Ind. 621, 621-627, 57 N. E. 535, 536-538 (1900); *State ex rel. Ferry* v. *Williams,* 41 N. J. L. 332, 336-339 (1879), and in a newspaper publisher's intention to publish information concerning the operation of government, see, *e. g., State ex rel. Youmans* v. *Owens,* 28 Wis. 2d 672, 677, 137 N. W. 2d 470, 472 (1965), modified on other grounds, 28 Wis. 2d 685a, 139 N. W. 2d 241 (1966). But see *Burton* v. *Reynolds,* 110 Mich. 354, 68 N. W. 217 (1896)."

   b. **Excerpt from Bernstein v. Bernstein Litowitz Berger & Grossmann**:

   "The courts have long recognized the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (footnote omitted). This right "is said to predate the Constitution." *Amodeo I,* 44 F.3d at 145."

   c. **Excerpt from Nebraska Press Assn. v. Stuart**:

   "Secrecy of judicial action can only breed ignorance and distrust of courts and suspicion concerning the competence and impartiality of judges; free and robust reporting, criticism, and debate can contribute to public understanding of the rule of law and to comprehension of the functioning of the entire criminal justice system, as well as improve the quality of that system by subjecting it to the cleansing effects of exposure and public accountability. See, *e. g., In re Oliver, supra,* at 270-271; L. Brandeis, Other People's Money 62 (1933) ("Sunlight is said to be the best of disinfectants; electric light

   the most efficient policeman").""

d. . **Excerpt from Craig v. Harney**:

   "We start with the news articles. A trial is a public event. What transpires in the court room is public property. If a transcript of the court proceedings had been published, we suppose none would claim that the judge could punish the publisher for contempt. And we can see no difference though the conduct of the attorneys, of the jury, or even of the judge himself, may have reflected on the court. Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it."

Pursuant to FRCP Rule 10(c), I incorporate by reference as though fully set forth herein the entirety of the letter motions that are attached to the e-mail message that I am now sending to the Pro Se Intake Unit with this motion for the purpose of having U.S. Chief Judge Colleen McMahon issue a decision on the merits as to whether to grant this motion.

## **CONCLUSION**

For the foregoing reasons, I request that this Court grant this motion in its entirety and for such other and different relief as this Court may deem just and equitable.

From,                                                                                              **Date**: February 4, 2021

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com