STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

February 12, 2021

**VIA ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM)
            [rel. *Payne, et al. v. Mayor Bill de Blasio, et al.*, 20 Civ. 8924 (CM)
            *Sierra, et al. v. City of New York, et al.*, 20 Civ. 10291 (CM)
            *Wood v. City of New York, et al.*, 20 Civ. 10541 (CM)
            *Sow, et al. v. City of New York, et al.*, 21 Civ. 533 (CM)]

Dear Chief Judge McMahon:

      We represent the plaintiff in *People v. City of New York, et al.*, 21 Civ. 322, and submit this preconference letter pursuant to Your Honor's January 25, 2020 Order. ECF No. 22.[1]  As set forth below, the People oppose consolidation with the above-captioned related cases, *Payne*, *Sierra*, *Wood*, and *Sow*.

      Rule 42(a) grants the Court discretion to consolidate actions that involve a common question of law or fact.  In considering consolidation, "the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997).  As consolidation at this juncture could lead to undue delays, particularly in the cases that were commenced first, the People believe that coordinated discovery with the related cases, not consolidation, would best strike that balance at present.  The related cases do share some overlapping questions of law and fact, as each alleges that the policies, practices, and/or customs of the New York Police Department (NYPD) have caused the use of excessive force, unlawful arrest and detention, and suppression of and retaliation against First Amendment-protected activity at various racial justice protests since last Spring.  However, important dissimilarities among them counsel against consolidation.

---

[1] ECF document numbers herein refer to docket entries in *People*, unless otherwise noted.

Hon. Colleen McMahon
February 12, 2021
Page 2

      As the parties in *Payne v. de Blasio* have already noted, the relevant time periods, parties, and remedies sought vary between the cases. *People*, at one end of the spectrum, seeks only injunctive and declaratory relief on behalf of all New Yorkers whose constitutional rights were or will continue to be violated by the NYPD and its leadership at protests that have occurred since May 2020 or will continue to occur. ECF No. 1.[2] At the other end of the spectrum, *Wood* seeks only compensatory and punitive damages for constitutional violations inflicted upon a single individual at a single protest. *Wood* Dkt. No. 1.

      Although *Sierra* and *Sow* also seek declaratory and/or injunctive relief, they are putative class actions that would require class certification motion practice inapplicable to the claims brought in *People*. Finally, the affirmative defense of qualified immunity, which requires pre-answer discovery in accordance with Your Honor's Individual Rules, may apply in cases that seek monetary damages against individual officers, like *Payne*, *Sierra*, *Wood*, or *Sow*, but not in *People*. *See Adler v. Pataki*, 185 F.3d 35, 48 (2d Cir. 1999) ("Qualified immunity shields the defendants only from claims for monetary damages and does not bar actions for declaratory or injunctive relief."). Maintaining these matters as separate will therefore avoid delays caused by early discovery or motion practice from rippling throughout all related cases.

      In lieu of consolidation, coordinated discovery will allow greater flexibility for the parties to coordinate document demands, depositions of common witnesses, and briefing of common issues of law. We look forward to further discussing how to coordinate discovery and progress these cases at the upcoming conference on February 22.

      Respectfully submitted,

      */s/ Lillian Marquez*
Jessica Clarke, *Civil Rights Bureau Chief*
Lillian Marquez, *Assistant Attorney General*
Morenike Fajana, *Special Counsel*
Travis England, *Assistant Attorney General*
Gregory Morril, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
Tel.: (212) 416-8250

cc:    Counsel in *Payne*, *Sierra*, *Wood*, and *Sow* (by ECF)

---

[2] Although the People intend to amend their complaint soon after the conference, the amendment will only add factual allegations and will not alter the parties, causes of action, or relief sought.