UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

In Re: New York City Policing During Summer 2020
Demonstrations.

This filing relates to: No. 20 Civ. 8924

No. 20 Civ. 8924

------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO TOWAKI KOMATSU'S MOTION TO INTERVENE PURSUANT TO RULE 24

GEORGIA M. PESTANA
ACTING CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:     Brachah Goykadosh
        Elissa B. Jacobs
        Dara L. Weiss
        *Senior Counsels*
        Special Federal Litigation Division
        (212) 356-3523

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................ii

**PRELIMINARY STATEMENT** ........................................................................ 1

**STATEMENT OF FACTS** ................................................................................ 2

**STANDARD OF REVIEW** ............................................................................... 3

**ARGUMENT** ...................................................................................................... 5

    **POINT I** ........................................................................................................... 5

THE COURT SHOULD DENY MR. KOMATSU'S MOTION DUE TO HIS FAILURE TO

COMPLY WITH FED R. CIV. P. 24(c)

    **POINT II** .......................................................................................................... 6

THE COURT SHOULD DENY MR. KOMATSU'S MOTION TO INTERVENE AS OF

RIGHT PURSUANT TO FED R. CIV. P. 24(a)

        A. Mr. Komatsu Does Not Assert An Adequate Interest in the Subject of This
        Action

        B. Denial of Mr. Komatsu's Motion Would Not Impair His Ability to Protect Any
        Supposed Interests in This Action

        C. Mr. Komatsu's Purported Interest in this Action is Adequately Represented

    **POINT III** ....................................................................................................... 11

THE COURT SHOULD DENY MR. KOMATSU'S MOTION FOR PERMISSIVE

INTERVENTION PURSUANT TO FED R. CIV. P. 24(b)

**CONCLUSION** ............................................................**Error! Bookmark not defined.**

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Pages**

*AT&T Corp. v. Sprint Corp.*,
    407 F.3d 560 (2d Cir. 2005)...................................................................................4

*Bridgeport Guardians, Inc. v. Delmonte*,
    602 F.3d 469 (2d Cir. 2010)...................................................................................6

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
    250 F.3d 171 (2d Cir. 2001)..................................................................................10

*Calderon v. Clearview AI, Inc.*,
    No. 20 Civ. 1296 (CM), 2020 U.S. Dist. LEXIS 94926 (S.D.N.Y. May 29, 2020)...............11

*CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*,
    790 Fed. App'x. 260 (2d Cir. 2019).........................................................................4

*Demirayak v. De Blasio*,
    No. 18 Civ. 4723 (WFK), 2019 U.S. Dist. LEXIS 228997 (E.D.N.Y. Sept. 18, 2019) ......4, 12

*EC v. Amtrust Fin. Servs.*,
    No. 20 Civ. 4652 (LLS), 2020 U.S. Dist. LEXIS 136485 (S.D.N.Y. July 31, 2020)...............4

*Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*,
    847 F.2d 1038 2d Cir. 1988)...................................................................................4

*High Farms v. King*,
    No. 16-CV-00736 (NGG)(PK), 2021 U.S. Dist. LEXIS 39406 (E.D.N.Y. Feb. 21, 2021) ..5, 8

*Kunz v. N.Y. State Comm'n on Judicial Misconduct*,
    155 Fed. App'x. 21 (2d Cir. 2005).........................................................................6

*Lawsky v. Condor Capital Corp.*,
    No. 14 Civ. 2863 (CM), 2014 U.S. Dist. LEXIS 67582 (S.D.N.Y. May 13, 2014).................8

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*,
    471 F.3d 377 (2d Cir. 2006)...................................................................................4

*New York News, Inc. v. Kheel*,
    972 F.2d 482, 486 (2d Cir. 1992)........................................................................7, 8

*New York v. Scalia*,
    No. 20 Civ. 1689 (GHW), 2020 U.S. Dist. LEXIS 115415 (S.D.N.Y. June 29, 2020)...........10

*Parris v. Fremont Inv. & Loan*,
    No. 14-CV-6907, 2017 U.S. Dist. LEXIS 142279 (E.D.N.Y. Aug. 31, 2017).........................4

*United States v. City of New York,*
   198 F.3d 360 (2d Cir. 1999)........................................................................7, 8, 10

*U.S. v. Pitney Bowes, Inc.,*
   25 F.3d 66 (2d Cir. 1994)........................................................................11

*U.S. Postal Serv. v. Brennan,*
   579 F.2d 188 (2d Cir. 1978)........................................................................12

*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.,*
   467 F.3d 238 (2d Cir. 2006)........................................................................4

*Sea Tow Servs. Int'l v. Tampa Bay Marine Recovery, Inc.,*
   No. 20-CV-2877 (JS) (SIL), 2021 U.S. Dist. LEXIS 19169 (E.D.N.Y. Feb. 1, 2021) ............9

*Trbovich v. United Mine Workers of Am.,*
   404 U.S. 528 (1972)........................................................................10

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,*
   922 F.2d 92 (2d Cir. 1990)........................................................................6

*Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victims Assets Litigation),*
   225 F.3d 191 (2d Cir. 2000)........................................................................9

## <u>PRELIMINARY STATEMENT</u>

Towaki Komatsu's motion for leave to intervene in these consolidated lawsuist should be denied.   Mr. Komatsu alleges that he is entitled to intervention as of right, as well as permissive intervention, apparently due to: (1) certain allegedly unconstitutional encounters that occurred between him and various NYPD personnel during the citywide protests in May and June of 2020; and (2) a supposed "interest in having a federal judge immediately intervene on behalf of New Yorkers by imposing a strict set of rules of engagement upon the NYPD to prevent that mob from continuing to violate the civil rights of New Yorkers in public forums." (<u>See</u> Komatsu Motion to Intervene ("Komatsu Motion"), ECF No. 11) at pp. 5-7).

Mr. Komatsu's motion should be denied for several reasons.  First, Mr. Komatsu has failed to comply with the requirement set forth in Fed. R. Civ. P. 24(c), to accompany his motion with "a pleading that sets out the claim or defense for which intervention is sought." Moreover, Mr. Komatsu has not established grounds for intervention as of right because: (1) he does not assert a direct, substantial, and legally protectable interest in this action and, in any event; (2) disposition of this action without intervention would not impair or impede Mr. Komatsu's ability to protect his supposed interests therein; and (3) to the extent the Court construes the motion as seeking to intervene in this case as currently consolidated, Mr. Komatsu's supposed interests are adequately represented by other parties.  The Court should also deny Mr. Komatsu's motion as it pertains to permissive intervention because, in addition to the arguments set forth against intervention as of right, Mr. Komatsu's intervention would likely unduly delay and/or prejudice the rights of the other parties, and would generally not contribute to the full development of the facts in this litigation.

## STATEMENT OF FACTS

The instant lawsuit challenges the City of New York's response to protest that took place during May and June of 2020. (*See* Plaintiffs' Complaint, ECF No. 1, at ¶ 1). On May 25, 2020, George Floyd was killed by a Minneapolis police officer. Sparked by the death of Mr. Floyd, protests began in New York City on May 28, 2020. The individual plaintiffs in this action are alleged to be "victims of this violence spanning nine protests during one month in Manhattan, the Bronx, and Brooklyn." (*Id.* at ¶ 5). The individual plaintiffs contend, *inter alia*, that "NYPD officers descended on protesters with unjustifiable fist and baton strikes, chemical pepper spray attacks, and other acts of physical violence," and placed arrested protestors "in excessively tight plastic handcuffs commonly referred to as 'flex-cuffs' or 'zip ties,' which caused pain, bruising and, in some cases, led to long-term injury." (*Id.* at ¶ 2). Plaintiffs further allege that "[t]he Mayor of New York and the NYPD's leadership condoned and even promoted" the alleged violence. (*Id.* at ¶ 1).

Towaki Komatsu filed the instant motion to intervene on October 26, 2020. (ECF No. 11).[1] Liberally construing Mr. Komatsu's motion to intervene, he asserts interests in the subject matter of this action stemming from: (1) certain allegedly unconstitutional encounters that allegedly occurred between Mr. Komatsu and various NYPD personnel during the citywide protests in May and June of 2020; and (2) a supposed "interest in having a federal judge immediately intervene on behalf of New Yorkers by imposing a strict set of rules of engagement upon the NYPD to prevent that mob from continuing to violate the civil rights of New Yorkers in public forums." (*See* Komatsu Motion at pp. 5-7). Mr. Komatsu does not allege any physical

---

[1] Mr. Komatsu has also filed a letter in *People of the State of New York v. City of New York, et al.*, 21 Civ. 322 (CM) (ECF No. 26), which has been styled as a motion to intervene. In that letter, Mr. Komatsu complains of not being permitted to participate in the consolidated litigation. To the extent that Court construes the letter and its attachment as a motion to intervene, that too should be denied for the reasons stated herein.

encounters with police similar to those alleged by the plaintiffs, nor does he allege that he was stopped, arrested, or otherwise detained.  Mr. Komatsu's most serious allegations are that he was touched by NYPD officers while allegedly attending protests on May 29, 2020 and June 3, 2020.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a) provides for intervention as of right, stating in relevant part:

> On timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"To obtain intervention as of right under Federal Rule of Civil Procedure 24(a)(2), the putative intervenor must establish that: (1) the motion is timely; (2) [it] asserts an interest relating to the property or transaction that is the subject of the action; (3) [it] is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest; and (4) [its] interest is not adequately represented by the other parties. *CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*, 790 Fed. App'x. 260, 262 (2d Cir. 2019) (citing *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006).  "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1043 (2d Cir. 1988).

Fed. R. Civ. P. 24(b) provides for intervention by permission, stating in relevant part: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  District courts have "broad discretion" when "considering permissive intervention." *AT&T Corp. v. Sprint Corp.,*

407 F.3d 560, 561 (2d Cir. 2005).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  "The court considers substantially the same factors whether the claim for intervention is 'as of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)."  *EC v. Amtrust Fin. Servs.*, 20 Civ. 4652 (LLS), 2020 U.S. Dist. LEXIS 136485 at **10-11 (S.D.N.Y. July 31, 2020) (citing *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

"In seeking intervention under Rule 24, the putative intervenor bears the burden of demonstrating that it meets the requirements for intervention."  *Demirayak v. De Blasio*, No. 18 Civ. 4723 (WFK), 2019 U.S. Dist. LEXIS 228997, at *2 (E.D.N.Y. Sept. 18, 2019) (denying motion by Mr. Komatsu to intervene in another recent action) (citing *Parris v. Fremont Inv. & Loan*, No. 14-CV-6907, 2017 U.S. Dist. LEXIS 142279, at **4-5 (E.D.N.Y. Aug. 31, 2017) (collecting cases)).

## ARGUMENT

### POINT I

**THE COURT SHOULD DENY MR. KOMATSU'S MOTION DUE TO HIS FAILURE TO COMPLY WITH FED R. CIV. P. 24(c)**

Mr. Komatsu's motion to intervene must be denied because he has failed to comply with Rule 24(c) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 24(c) provides that any motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  A proposed intervenor's failure to comply with Rule 24(c) can alone form the basis for denial of a motion to intervene.  *See, e.g.*,  *High Farms v. King*, 16-CV-00736 (NGG)(PK), 2021 U.S. Dist. LEXIS

39406, at **9-10 (E.D.N.Y. Feb. 21, 2021) (finding that a failure to comply with Rule 24(c) was not a mere technicality and noting that this failure alone formed a basis to deny the motion to intervene); *see also Bano v. Union Carbide Corp.*, No. 99 Civ. 11329 (JFK) (HBP), 2005 U.S. Dist. LEXIS 32595, *48 (S.D.N.Y. Aug. 12, 2005) ("a failure to comply with Rule 24(c) is enough to warrant denial of an intervention motion.")

Here, Mr. Komatsu has failed to accompany the instant motion  to intervene, , or his letter to the Court in the <u>People</u> case, with the requiring pleading pursuant to Rule 24(c). Instead, Mr. Komatsu has merely submitted a motion which, while not entirely clear, asserts vague interests in the subject matter of this action and otherwise attempts to establish grounds for intervention.  By failing to include an accompanying pleading with his motion to intervene, Mr. Komatsu has unequivocally failed to comply with Rule 24(c).  Indeed, without the accompanying pleading required under Rule 24(c), Mr. Komatsu necessarily has not articulated what claim or defense he is propounding to establish any interest in the subject matter of this litigation. *See High Farms*, 2021 U.S. Dist. LEXIS 39406, at *8.  Accordingly, Mr. Komatsu's failure to comply with Rule 24(c) is fatal to his motion and alone forms a basis for denial.

### POINT II

### THE COURT SHOULD DENY MR. KOMATSU'S MOTION TO INTERVENE AS OF RIGHT PURSUANT TO FED R. CIV. P. 24(a)

Mr. Komatsu is not entitled to intervene as of right in this action, as he has failed to establish all four of the criteria provided by Fed. R. Civ. P. 24(a).  First, Mr. Komatsu does not assert a direct, substantial, and legally protectable interest in this action.  Nonetheless, even if he had, the disposition of this action without his intervention would not impair or impede Mr.

Komatsu's ability to protect his supposed interest herein.  Moreover, Mr. Komatsu's supposed interest is adequately represented by other parties.

**A.  Mr. Komatsu Does Not Assert An Adequate Interest in the Subject of This Action.**

Mr. Komatsu's motion should be denied because he does not assert a direct, substantial, and legally protectable interest in this action.  It is well-established that "a putative intervener's interest in an action must 'be direct, substantial, and legally protectable,'" and that "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see also Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010); *Kunz v. N.Y. State Comm'n on Judicial Misconduct*, 155 Fed. App'x. 21, 22 (2d Cir. 2005).

Liberally construing Mr. Komatsu's motion to intervene, he asserts interests in the subject matter of this action stemming from: (1) certain allegedly unconstitutional encounters that allegedly occurred between Mr. Komatsu and various NYPD personnel during the citywide protests in May and June of 2020; and (2) a supposed "interest in having a federal judge immediately intervene on behalf of New Yorkers by imposing a strict set of rules of engagement upon the NYPD to prevent that mob from continuing to violate the civil rights of New Yorkers in public forums."  (See Komatsu Motion at pp. 5-7).

Mr. Komatsu's alleged encounters with NYPD officers during the protests are merely "collaterally related to the subject matter of this litigation, and therefore are not substantial enough to warrant intervention as of right.  "Intervention . . . cannot be used as a means to inject collateral issues into an existing action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992); *see, e.g., United States v. City of New York*, 198 F.3d 360, 365 (2d Cir.

1999) (denying motion to intervene on the grounds that the putative intervenor's interest was only "collaterally related" to the subject matter of the litigation).   Here, Mr. Komatsu's application describes several supposed incidents during the protests wherein NYPD officers grabbed Mr. Komatsu's arm and/or failed to show Mr. Komatsu their names and shield numbers—actions which Mr. Komatsu contends violated his constitutional rights.   Mr. Komatsu's application does not describe any incident involving fist or baton attacks, the use of chemical pepper spray, or the use of excessively tight plastic handcuffs; nor does Mr. Komatsu contend that he was arrested during these protests, or that he suffered any physical injury whatsoever.[2]   (*See* Plaintiffs' Complaint, ECF No. 1, at ¶ 2).   In essence, Mr. Komatsu's only connection to the subject matter of this proceeding is his mere presence at, and alleged engagement with NYPD officers during, the protests underlying the instant action.   Accordingly, defendants contend that Mr. Komatsu's interest in the subject of this action is indirect and collateral, and therefore not substantial enough to warrant intervention as of right.

Likewise, Mr. Komatsu's purported interest "in having a federal judge immediately intervene on behalf of New Yorkers by imposing a strict set of rules of engagement upon the NYPD to prevent that mob from continuing to violate the civil rights of New Yorkers in public forums," is also unavailing, as it is not a "significantly protectable interest" within the meaning of Rule 24(a)(2).   Courts in this Circuit have generally considered the abstract or intangible purported interests of a putative intervenor to be unduly remote from the subject matter of the proceeding, and therefore not legally protectable within the meaning of Rule

---

[2] Defendants further submit that Mr. Komatsu's motion must be denied as the apparent claims that Mr. Komatsu intends to advance are entirely frivolous, even when accepting as true the allegations set forth in the instant motion. *See United Parcel Serv. of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416,421 (E.D.N.Y. 2005) (acknowledging in the context of a motion to intervene that "[a]llegations that are frivolous on their face need not be considered by the court").

24(a)(2).  *See* *Kheel*, 972 F.2d at 486 (finding that a "remote interest in a streamlined, abuse-free judicial system is not a 'significantly protectable interest' . . ."); *United States v. City of New York*, 198 F.3d at 365; *see, eg., High Farms*, 2021 U.S. Dist. LEXIS 39406 at \*15 (citing *Kheel* in finding that a proposed intervenor's interest in preventing a party from "continuing to exploit this litigation for his personal advantage" was not a legally protectable interest); *Lawsky v. Condor Capital Corp.*, No. 14 Civ. 2863 (CM), 2014 U.S. Dist. LEXIS 67582, at \*18 (S.D.N.Y. May 13, 2014) (finding that a putative intervenor's indirect interest in the subject property of the litigation was "insufficient to establish a sufficiently direct interest in the action justifying intervention").  Here, Mr. Komatsu's purported primary interest in the subject matter of this litigation is in establishing "a strict set of rules of engagement upon the NYPD."  Defendants contend that this indirect, remote interest is not cognizable under Rule 24(a)(2).  Accordingly, the instant motion should be denied.

### B.  Denial of Mr. Komatsu's Motion Would Not Impair His Ability to Protect Any Supposed Interests in This Action.

Even if Mr. Komatsu's purported interest in this action was direct, substantial, and legally protectable, the disposition of this action without intervention would not impair or impede Mr. Komatsu's ability to protect that interest.  Indeed, the denial of Mr. Komatsu's motion to intervene and subsequent disposition of this action would not preclude Mr. Komatsu from filing a separate lawsuit regarding the purported allegations set forth in his application for intervention, if he so desired.  Nor would issue preclusion impair Mr. Komatsu's ability to vindicate his interests in a separate lawsuit.  *See Sea Tow Servs. Int'l v. Tampa Bay Marine Recovery, Inc.*, No. 20-CV-2877 (JS) (SIL), 2021 U.S. Dist. LEXIS 19169, at \*14 (E.D.N.Y. Feb. 1, 2021) (internal citations omitted).  In fact, as demonstrated by the myriad of civil rights

lawsuits filed by Mr. Komatsu in this District, Mr. Komatsu is quite capable of protecting his interests by filing actions of his own.[3]  Moreover, Mr. Komatsu's supposed difficulty in adding claims to his existing lawsuits similarly does not preclude his ability to vindicate his interests in a separate lawsuit.  (See Komatsu Motion at pp. 14-15); *see also Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victims Assets Litigation)*, 225 F.3d 191, 202 (2d Cir. 2000) (finding that potential obstacles to the pursuit of an independent lawsuit, including the time and cost of initiating an independent action, do not impair or impede the intervenor's ability to protect its interest to an extent warranting intervention as of right).  Accordingly, because any supposed interest in the subject matter of this litigation would not be impaired or impeded by a denial of the instant motion, Mr. Komatsu has necessarily failed to establish grounds for intervention as of right.

### C.  Mr. Komatsu's Purported Interest in this Action is Adequately Represented.

To the extent Mr. Komatsu's motion is construed as seeking to intervene in this litigation as currently consolidated, Mr. Komatsu's motion to intervene must also be denied because his purported interests in this litigation are adequately represented by the existing parties.  To satisfy the fourth prong of the Rule 24(a)(2) test, the Supreme Court has emphasized that a putative intervenor need only show that representation of his interest may be inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).  However, while "the burden to demonstrate inadequacy of representation is generally speaking minimal," the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective[.]"  *New York v. Scalia*, No. 20

---

[3] See 20 Civ. 7046 (ER); 20 Civ. 8004 (ER); 20 Civ. 7502 (ER); 20 Civ. 8251 (ER); 20 Civ. 8540 (ER); 20 Civ. 9354 (ER); 20 Civ. 8933 (ER); 20 Civ. 9151 (ER); 20 Civ. 9154 (ER).  Defendants further note that Mr. Komatsu's excessively frequent and lengthy submissions have become so onerous in his other lawsuits pending in this District, that the Court in these matters has imposed severe restrictions on his filing capabilities.

Civ. 1689 (GHW), 2020 U.S. Dist. LEXIS 115415, at *9 (S.D.N.Y. June 29, 2020) (citing *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (internal quotations omitted).

Here, Mr. Komatsu appears to share the same ultimate objective as several named parties in these consolidated cases.  Indeed, Mr. Komatsu's purported interest in establishing "a strict set of rules of engagement upon the NYPD" is functionally equivalent to the interest of the plaintiffs in *Sow*, who complain of "overlapping policies and practices include, inter alia, the use of excessive force, false arrests, and excessive and unreasonable detention" at protests and seek injunctive relief to change these policies.  (*See Adama Sow, et al.  v. City of New York*, 21 Civ. 0533 (CM) (ECF No. 49).  Accordingly, any attempt by Mr. Komatsu to intervene in this action as currently consolidated must be denied.

### POINT III

### THE COURT SHOULD DENY MR. KOMATSU'S MOTION FOR PERMISSIVE INTERVENTION PURSUANT TO FED R. CIV. P. 24(b)

Mr. Komatsu's motion also contends that he is entitled to permissive intervention, though the motion does not set forth any grounds therefor.  The Court should deny Mr. Komatsu's motion to permissively intervene, for several reasons.  As an initial matter, defendants note that Mr. Komatsu's failure to comply with Rule 26(c) is fatal to his efforts to permissively intervene in this litigation, because by failing to accompany his motion with the required pleading, Mr. Komatsu has necessarily failed to set forth a "claim or defense that shares with the main action a common question of law or fact." *See* Fed R. Civ. P. 26(c).  However, even supposing that a purported claim brought by Mr. Komatsu shares a common question of

law or fact with those alleged in the main action, defendants submit that the Court must exercise its considerable discretion and deny Mr. Komatsu's motion.

Permitting Mr. Komatsu to intervene in this action would unduly delay and/or prejudice the rights of the other parties, and would generally not contribute to the full development of the facts in this litigation.  "In exercising its discretion to decide a motion for permissive intervention, the court's primary consideration is whether intervention will unduly delay or prejudice the adjudication of the rights of the parties whose lawsuits are being 'invaded.'"  *Calderon v. Clearview AI, Inc.*, No. 20 Civ. 1296 (CM), 2020 U.S. Dist. LEXIS 94926, at \*23 (S.D.N.Y. May 29, 2020) (citing *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) ("The principal guide in deciding whether to grant permissive intervention" is prejudice to existing parties.").  In determining whether to permit intervention under Rule 24(b), courts consider, *inter alia*, whether the party seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978).

Mr. Komatsu has at least nine pending lawsuits against the City of New York in this District (*see supra*, n.2), and has demonstrated in each of his other lawsuits a complete unwillingness to comply with lawful court orders and otherwise diligently prosecute the actions. Indeed, a motion to dismiss pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure is currently pending in at least one of Mr. Komatsu's other proceedings.  *See Komatsu v. City of New York, et al.*, 18 Civ. 3698 (LGS) (GWG) (ECF No. 492).  Defendants have no reason to believe that such dilatory conduct would not persist if Mr. Komatsu is permitted to intervene in this action.  Moreover, Mr. Komatsu has also made a habit of injecting irrelevant,

collateral issues into his other lawsuits against the City, and indeed has already done so here.[4] (*See* Komatsu Motion at pp. 13-16).  If Mr. Komatsu's litigation conduct in his other pending lawsuits is any indication, defendants respectfully submit that permitting Mr. Komatsu to intervene in this litigation would unduly delay this litigation, prejudice the rights of the other parties, and hinder the full development of the underlying factual issues in this case.[5] Accordingly, Mr. Komatsu's motion for permissive intervention must be denied.

---

[4]  Defendants further note that Mr. Komatsu has also filed unsuccessful, non-meritorious motions to intervene in at least three other lawsuits. *See Headley v. City of New York*, et al., 19-CV-4543 (ENV) (RML); *Demirayak v. City of New York, et al.*, 18-CV-4723 (WFK); *CHIP, RSA, et al. v. City of New York*, 19-CV-4087 (MKB) (RML).

[5] Defendants also argue that because Mr. Komatsu's purported interests are unduly remote from the subject matter of these proceedings, see *supra* Point II(A), Mr. Komatsu necessarily offers no promise of insights on the legal or factual merits of the claims in the instant action.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Mr. Komatsu's motion to intervene, and grant such other and further relief as the Court deems just and proper

Dated: New York, New York
      March 19, 2021

**GEORGIA M. PESTANA**
ACTING CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorneys for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3523


By:   *Elissa B. Jacobs*
       Brachah Goykadosh
       Elissa B. Jacobs
       Dara L. Weiss
       *Senior Counsels*
       Special Federal Litigation Division


CC:  **By First Class Mail**
     Towaki Komatsu
     *Putative Intervenor*
     802 Fairmount Pl.
     Apt. 4B
     Bronx, NY 10460

     **By ECF**
     All Counsel of record