UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 --------------------------------------------------------X

People of the State of New York, et. al.,                    Case No. 21-cv-322 (CM)(GWG)

                                Plaintiff,                   **Motion for a status update about my**
                                                            **2/4/21 motion to intervene and to**
            -against-                                        **supplement that motion**

The City of New York, et al.,,

                                Defendant.
 -------------------------------------------------------- X

**PLEASE TAKE NOTICE** that pursuant to the Fourteenth Amendment right "to acquire useful

knowledge" that is expressed in the controlling U.S. Supreme Court decision in _Board of Regents_

_of State Colleges v. Roth_, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) and the First

Amendment right to petition for redress and similarly receive such information while being

properly accorded equal protection and due process in that regard, I, Towaki Komatsu, am

submitting this motion to be granted the following immediate and overdue relief in this case:

1.  A status update that will immediately inform me, the parties in this case, intervenors

    in this case, and other who may be monitoring this case's developments about

    whether this Court has decided whether to grant or deny my 2/4/21 motion to

    intervene in this case about which I haven't received a response from this Court in

    contumacious defiance of my First Amendment and Fourteenth Amendment rights.

2.  Authorization to supplement my 2/4/21 motion to intervene in this case with material

    and critically significant new evidence that I have received since then that further

    supports having my 2/4/21 motion to intervene granted.

This motion to intervene is supported by the following:

1.  The attached memorandum of law of Towaki Komatsu dated March 31, 2021.

2.  My 2/4/21 motion to intervene that I submitted in this case.

3.  The letters motions dated 1/29/21 and 1/30/21 that I submitted via e-mail for acceptance and diligent review in this case by U.S. Chief Judge Colleen McMahon to the Pro Se Intake Unit on 1/29/21 at 9:47 am and 1/30/21 at 6:37 pm in accordance with applicable rules for such e-mail submissions by pro se litigants.

From,                                                                          **Date**: March 31, 2021

Towaki Komatsu


s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 -------------------------------------------------------X

People of the State of New York, et. al.,                    Case No. 21-cv-322 (CM)(GWG)

                Plaintiff,

        -against-

The City of New York, et al.,,

                Defendant.
 ------------------------------------------------------- X

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A STATUS UPDATE ABOUT MY 2/4/21 MOTION TO INTERVENE AND TO SUPPLEMENT THAT MOTION**

Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY 10460
Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com

## Preliminary Remarks

I, Towaki Komatsu, submit this memorandum of law pursuant to the First Amendment and Fourteenth Amendment in relation to Federal Rules of Civil Procedure ("FRC") Rule 24, 10(c), 15(d), and 60 in support of the motion to intervene that I submitted in this case on 2/4/21.

## Relief Sought

Through this motion, I seek to be granted the following relief:

1. A status update that will immediately inform me, the parties in this case, intervenors in this case, and others who may be monitoring this case's developments about whether this Court has decided whether to grant or deny my 2/4/21 motion to intervene in this case about which I haven't received a response from this Court in contumacious defiance of my First Amendment and Fourteenth Amendment rights.

2. Authorization to supplement my 2/4/21 motion to intervene in this case with material and critically significant new evidence that I have received since then that further supports having my 2/4/21 motion to intervene granted.

## Grounds to Grant Me the Relief I Seek

1. Pursuant to FRCP Rule 10(c), I incorporate the following by reference in their entirety as though fully set forth herein:

   a. The legal filing that I filed on 3/26/21 that corresponds to docket number 529 in the ongoing case of _Komatsu v. City of New York_, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y.) that is hereinafter referred to as "K1". I'm the plaintiff in K1.

   b. The order that U.S. District Court Judge Lorna Schofield issued on 3/26/21 (Dkt. 530) in K1 partly in response to my 3/26/21 filing in that case in which she fraudulently

claimed that the motion for reconsideration was untimely submitted by me in that case that I requested through my 3/26/21 submission while that motion for reconsideration was based upon material and critically significant audio recording evidence that I received on 3/19/21 from the New York City Civilian Complaint Review Board ("CCRB"). Links to those audio recordings on the Internet are listed in my 3/26/21 submission and a through analysis by me of material matters that are discussed in those audio recordings is shown in that 3/26/21 filing as well. Those audio recordings correspond to interviews that the CCRB conducted of members of the NYPD security detail for Bill de Blasio ("the Mayor") that partly include NYPD Inspector Howard Redmond as well as and other members of the NYPD. The analysis that I provided in my 3/26/21 filing describes in detail instances in which Mr. Redmond and other members of the NYPD lied to the CCRB about material matters of law and fact in regards to me during the CCRB's interviews of them in response to entirely valid complaints that I reported against the CCRB that has largely proven to be an utterly useless entity that covers up and condones illegal acts by members of the NYPD.

c.  The legal filing that an attorney for the New York City Law Department named Andrew Spears submitted under seal in K1 on 3/26/21 that correspond to document number 531-1 that caused that submission to be a judicial document about which the public has a clear First Amendment right of access that demands its immediate unsealing. I submitted a request on 3/27/21 in K1 that was addressed to U.S. Magistrate Judge Gabriel Gorenstein to have document number 531-1 in K1 to be immediately unsealed. I have not received a response yet about that in contumacious

defiance of the public's First Amendment right to immediately and diligently examine the contents of that filing.

d.  The discovery material that I received on 2/1/21 from Mr. Spears as a result of K1 that is subject to the unenforceable confidentiality order that Judge Gorenstein contumaciously issued on 1/15/21 in K1 that violates the vagueness doctrine by encouraging arbitrary and discriminatory enforcement of orders that are issued by judges in litigation involving me after personnel who work for the New York City Human Resources Administration ("HRA"), Jaclyn Rothenberg (she worked for the New York City Mayor's Office), New York State Senator Jessica Ramos (she also worked for the New York City Mayor's Office), and others who worked for the City of New York in 2017 violated the sealing order that New York State Supreme Court Judge Barry Ostrager issued on 1/17/17 in _Komatsu v. New York Human Resources Administration_, No. 100054/2017 (Sup. Ct., New York Cty., Feb. 26, 2020) that is hereinafter referred to as "my HRA lawsuit" while that case was parallel litigation partly with respect to my ongoing claims in K1. I am currently appealing the dismissal of my HRA lawsuit to the New York State Supreme Court's Appellate Division's First Department. The violations by City of York personnel of Judge Ostrager's 1/17/17 sealing order in my HRA lawsuit caused estoppel, the vagueness doctrine, and my Fourteenth Amendment equal protection rights to thereafter apply to cause me to be reciprocally exempt from having to comply with confidentiality and sealing orders that would thereafter be issued in litigation involving me while such confidentiality and sealing orders would benefit the privacy interests of those who violated Judge Ostrager's 1/17/17 sealing order and my privacy rights in the process.

To date, Judge Gorenstein has ignorantly and miserably failed to understand this extremely simple and straightforward point long after his prior employment as the General Counsel of HRA legally obligated him recuse himself from K1 to avoid the appearance impropriety and actual impropriety that he certainly prejudicially and fraudulently committed to my detriment repeatedly in K1 while confirming that his forced retirement from the judiciary is long overdue. In short, the 2/1/21 discovery material confirms that HRA's senior management orchestrated a fraudulent and retaliatory scheme in concert with NYPD Inspector Howard Redmond, other members of the Mayor's NYPD security detail, other members of the NYPD, members of the Mayor's Community Affairs Unit, members of the Mayor's staff to criminally cause me to be illegally **a)** barred without proper due process from public town hall and public resource fair meetings that the Mayor, Mr. Banks, and other government personnel conducted in 2017 and **b)** otherwise illegally prevented from having access to the Mayor in 2017 during such public forums. Much of that was in retaliation for my litigation against HRA that dated back to 2016. Similar retaliation for such litigation activity is discussed in the decision that was issued in _Van Deelen v. Johnson_, 497 F.3d 1151 (10th Cir. 2007) by a certain judge named Neil Gorsuch before he thereafter issued spectacular findings in defense of First Amendment rights in _Roman Catholic Diocese of Brooklyn v. Cuomo_, 592 S. Ct. (U.S. 2020) as a member of the U.S. Supreme Court.

e.  A clip from a video recording that the New York City Mayor's Office arranged to be recorded of the public resource fair meeting that the Mayor and others conducted on 7/18/17 in Kew Gardens in Queens while that video recording was certainly a public

record that the City of New York needed to preserve and make readily available to

the public on the Internet within 3 days after that public resource fair meeting ended

pursuant to New York City Charter §1063. The New York City Mayor's Office

provided me a link to a copy of that video recording on 11/21/17 in response to a

FOIL demand that I submitted to it on or about 7/21/17. However, the New York City

Mayor's Office has criminally disabled my access to that video recording on the

Internet and/or otherwise removed that video recording from the Internet with respect

to the Internet address it provided to me with which to access that video. Before that

occurred, I downloaded a couple of video clips from that video recording. The

following is a link to one of those video clips that shows the entirety of the face-to-

face conversation that I had with the Mayor during that Mayor as I stood next to a con

artist who is New York City Human Resources Administration Commissioner Steven

Banks and someone I have talked with face-to-face repeatedly while being lied to by

him about material matters as I have recorded some of those conversations on audio:

https://drive.google.com/open?id=1-ZUN22r8q4qARLEbMk8FVg4KuLqfTtcc

The next screenshot is from the elapsed time of 2 minutes and 5 seconds in that video

and clearly shows the Mayor improperly not engaging in social-distancing from while

trying to harass me by trying to touch me on my right shoulder while NYPD

Detective Gilbert Pierre-Louis of the Mayor's NYPD security detail illegally made

physical contact with my backpack with his right hand without any legal justification

whatsoever before pushing me away from the Mayor.



This screenshot and that video recording clearly confirms that I was conducting myself in an entirely lawful manner in stark contrast to the Mayor and Mr. Pierre-Louis who both need to be in jail right now with Jessica Ramos. She appears in the lower-right corner in this screenshot and was personally involved in fraudulently covering-up illegal acts by members of the Mayor's NYPD security detail and members of the Mayor's Community Affairs Unit that partly included Pinny Ringel, Harold Miller, and Rachel Atcheson in causing me to be illegally barred from attending public town hall meetings and public resource fair meetings that were conducted as mostly traditional public forums in 2017 and used as campaign events by the Mayor, those who worked for him, and members of the New York City Council to steal the results of the 2017 New York City government elections by engaging in acts that constituted voter suppression, voter fraud, whistleblower retaliation, and violations of the Hatch Act and Handschu Agreement at such public forums while flagrantly violating constitutional rights and other applicable laws while

doing so. All of that was materially and consistently aided and abetted by New York

City's atrocious press that was aware that was occurring and refused to report about it

long before the NYPD resumed being a terrorist mob by criminally assaulting New

Yorkers during the demonstrations in New York City last Summer. Censors in

journalism who were aware of this and chose not to report about it included the

following people:

Graham Rayman, Michael Gartland, Grace Rauh, Jillian Jorgensen, Gloria Pazmino,
Madina Toure, David Goodman, Erin Durkin, Jefferson Siegel, Matthew Chayes,
Mara Gay, Ben Max, Yoav Gonen, Rich Calder, John Cronin, Marc Torrence, Errol
Louis, Courtney Gross, Julia Marsh, Jeff C. Mays, Josh Einiger, Dave Evans

When I talked with the Mayor on 7/18/17, I stood near, in front, and within earshot of Mr.

Gartland, Ms. Pazmino, Jillian Jorgensen, and a few other trashy whistleblower news censors in

journalism.  In this next screenshot that corresponds to the elapsed time of 1 minute and 52

seconds from the video clip that I discussed above from the Mayor's 7/18/17 public resource fair

meeting, I'm shown as I began to tell the Mayor that NYPD Inspector Howard Redmond

illegally prevented me from attending the public town hall meeting that the Mayor and Mr.

Banks conducted on 4/27/17 in Long Island City.



Mr. Redmond did so after an attorney for HRA named Jeffrey Mosczyc engaged in patently

illegal gamesmanship with New York State Supreme Court Judge Nancy Bannon by stealing my

scheduled 4/12/17 oral arguments hearing in my HRA lawsuit that Judge Bannon scheduled on

1/26/17. Mr. Mosczyc did so by engaging in illegal ex-parte communications with Judge

Bannon's chambers on 4/5/17 before Judge Bannon illegally granted his 4/5/17 illegal ex-parte

adjournment application on 4/11/17 that caused my 4/12/17 oral arguments hearing to be

adjourned to 6/7/17. Prior to that illegal adjournment, that 4/12/17 oral arguments hearing was

scheduled to occur just 1 day after I engaged in parallel litigation against HRA during a fair

hearing that I and the New York State Office of Temporary and Disability Assistance ("OTDA")

legally recorded on audio that was conducted by telephone on 4/11/17. During that fair hearing, I

immediately learned that HRA illegally engaged in further illegal gamesmanship by causing the

agenda for that hearing to materially changed in flagrant violation of my constitutional rights

from the specific matters that hearing was originally scheduled to address. I illegally wasn't

provided any notice about that change before that hearing began and an attorney for HRA named

Marin Gerber lied about material matters during that hearing. Before that hearing began, I

received a voicemail from Judge Bannon's court clerk (Jerome Noriega) in which he informed

me that a request had been made by HRA to adjourn my 4/12/17 oral arguments hearing and that

Judge Bannon granted that request in spite of the fact that was patently illegal because such ex-

parte communications are illegal and I had a constitutional right to be apprised of that request to

be able to submit opposition in response to it and have that opposition properly considered

before any decision was made about whether to grant or deny that adjournment request. Also,

Mr. Banks lied to my face yet again on 4/11/17 prior to my OTDA fair hearing while I briefly

talked with him in Staten Island on a public sidewalk. I conducted myself in an entirely lawful

manner while I was in his presence on 4/11/17. He also refused to talk with me then if I insisted

on recording our conversation on video. After he lied to my face on 4/11/17 in Staten Island, I

immediately and justifiably became angry about that and quickly told him that I was finished

talking with him as I then immediately properly treated him like garbage by moving away from

him as I also told him that I was headed into a building nearby in which the Mayor was then

conducting a public resource fair meeting in which I intended to try to talk with the Mayor to

lawfully engage in whistleblowing against Mr. Banks in front of others by telling the Mayor that

Mr. Banks had just lied to my face again. Upon entering that building on 4/11/17, I met Harold

Miller for the first time as he and members of the Mayor's NYPD security detail lied to me by

fraudulently claiming that the Mayor was no longer meeting with members of the public during

that public resource fair meeting. I thereafter quickly left that building and was illegally

prevented by NYPD Detective Raymond Gerola from being within 15 feet of the Mayor as Mr.

Gerola and others escorted the Mayor from that building near an area where I talked with Mr.

Banks on that date to be driven away.

My illegal exclusion from the school that hosted the Mayor's 4/27/17 town hall meeting occurred after I registered in advance on 4/24/17 during a telephone call that I had with Nick Gulotta of the Mayor's Community Affairs Unit to attend that town hall meeting, I was issued an admission ticket by a Black female member of the Mayor's staff on 4/27/17 to attend that event that pretextually, premeditatedly, discriminatorily, and illegally restricted my ability to observe how that town hall meeting would be conducted from an overflow room in the school that hosted it as that town hall meeting was conducted in a manner that flagrantly violated binding prerequisites that are discussed in _Bloomberg v. The New York City Department of Education_, No. 17 Civ. 3136 (PGG) (S.D.N.Y. Sept. 24, 2019) that legally required the government personnel who conducted that town hall meeting and/or their staff to invite the political rivals of the government personnel to attend that town hall meeting in order for that town hall meeting to have been able to be conducted inside of the public school in which it was conducted. Instead of letting me enter the school that hosted that town hall meeting to observe how it would be conducted from an overflow room, Mr. Redmond, NYPD Detective Andrew Berkowitz, NYPD Detective Raymond Gerola, Harold Miller, Pinny Ringel and others illegally acted in concert with others as they illegally caused me to be prevented from entering that school on 4/27/17 while I conducted myself in an entirely lawful manner throughout the entire time that I stood near that school on 4/27/17.

2. A diligent and objective review of the entirety of what I just discussed confirms that the following is entirely true, accurate, and relevant:

    a. With respect to information that appears in a news article that is entitled "NYC Disputes Letitia James Suit over NYPD's Handling of Summer Protests" that was

written by Anthony DeStefano and published by a news organization named

Newsday on the Internet on 3/30/21 that is available on the Internet at

https://www.newsday.com/news/nation/nypd-nyc-attorneys-attorney-general-letitia-james-1.50199707, the material that I have incorporated by reference as though fully

set forth herein unequivocally confirms that lawyers for the New York City Law

Department continue to behave as con artists like New York State Attorney General

Letitia James and the press in New York City, Bill de Blasio, the NYPD, New York

City Council, and CCRB. This is true and accurate partly because that material

confirms that a history of illegal acts by members of the NYPD in relation to protest

activity in New York City certainly exists. In fact, on 3/22/19, I happened to be on the

16th floor of 28 Liberty Street in Manhattan to report an entirely valid complaint to

the New York State Attorney General's Office while I was in its offices. That

complaint was about illegal acts and omissions that the Mayor and members of his

NYPD security detail as well as other members of the NYPD committed against me

that were mostly recorded on video on 3/18/19 inside of New York City Hall and

otherwise on its grounds in relation to testimony that I lawfully attempted to provide

after 4:30 pm in the Blue Room inside of New York City Hall during a public hearing

that the Mayor conducted while I made it clear in my brief remarks to the Mayor

during that hearing that my testimony then would largely be as a whistleblower and

against him as I intended to playback relevant video recordings of prior conversations

that I previously had with him that would clearly prove that he is a con artist. As I

attempted to testify in that hearing, NYPD Detective Gilbert Pierre-Louis who I

discussed earlier in this memorandum criminally seized my left arm and put one of

his hands on my back as I held my laptop that I intended to use to playback the video recordings to which I just referred as the Mayor was then criminally subjecting me to obstruction of justice and witness tampering during that public hearing. The video recording that the New York City Mayor's Office arranged to be recorded of that hearing is available on the Internet at

https://www.youtube.com/watch?v=rqwyR7ZD23M. My testimony in that video is shown as it starts at the elapsed time of roughly the elapsed time of 16 minutes and 58 seconds. Although I received audio recordings from the CCRB on 3/19/19 in response to a FOIL demand that I submitted to it in June of 2020 about the complaint that I reported to it about the illegal acts and omissions that were committed against me on 3/18/19 at City Hall that I just discussed, those audio recordings don't include any audio recording of an interview that it may possibly have conducted of NYPD Detective Gilbert Pierre-Louis in spite of the clear fact that he and the Mayor jointly and criminally instigated the illegal acts and omissions that were committed against me on 3/18/19 that caused me to be illegally ejected from the Blue Room in City Hall and thereafter from City Hall's grounds by other members of the NYPD who all had a clear Fourteenth Amendment affirmative legal duty to immediately intervene on my behalf against Mr. Pierre-Louis and the Mayor to uphold and enforce my constitutional right to testify in that 3/18/19 public hearing against the Mayor without unreasonable interference. In response to my 3/22/19 complaint to the New York State Attorney General's Office about the illegal acts and omissions against me on 3/18/19 by the Mayor, members of his NYPD security detail, and other members of the NYPD at City Hall, I have no reason to believe that the New York State Attorney

General's Office properly performed its legal duty to uphold and enforce applicable laws by pursuing criminal charges against the Mayor, members of his NYPD security detail, and other members of the NYPD for violating my constitutional rights and other applicable laws on 3/18/19. Prior to 3/18/19, I talked with Letitia James face-to-face on 10/26/17, 3/18/18, and 5/15/18 as she lied to my face and otherwise stonewalled me in regards to entirely true and accurate reports about illegal acts and omissions against me by members of the NYPD that I clearly apprised her about on those dates as I legally recorded audio and video recordings of my conversations with her on 3/18/18 and 5/21/18 mainly because I believed that I couldn't trust her that I was thereafter proven right about. The following table contains links to those recordings on the Internet:

| # | Description | Link |
|---|---|---|
| 1 | A video recording that I recorded of Letitia James on 3/18/18 at 2:51 pm in Foley Square in Manhattan as she was being interviewed right before I talked with her there about NYPD Inspector Howard Redmond and an earlier conversation that I had with her on 10/26/17 in front of the building that hosted the public town hall meeting that the Mayor conducted with others in Brooklyn that Mr. Redmond and others illegally prevented me from being able to attend in flagrant violation of my constitutional rights and other applicable laws. | https://drive.google.com/file/d/1fFgHFzfihrHPDoSQVU6toVXyYq-8ipmF/view?usp=sharing |
| 2 | An audio recording that I recorded of Letitia James on 3/18/18 at 2:51 pm in Foley Square in Manhattan as I talked with her face-to-face about what I just discussed above and the fact that the CCRB didn't properly do anything in response to entirely valid complaints that I reported to it against NYPD Inspector Howard Redmond as she then told me that she would follow-up with the CCRB about those complaints as hindsight strongly suggests that she again lied to my face after she lied to my face on 10/26/17 when she told me that she would look into why I was being illegally barred from attending | https://drive.google.com/open?id=1KVLmVu_oBcl7CJT_YD6qOsZL3Vvi-h9R |

| | | |
|---|---|---|
| | that town hall meeting as she then proceeded to walk into the building at roughly 8:30 pm that hosted that town hall meeting. | |
| 3 | A video recording that I recorded of Letitia James on 5/21/18 at 12:51 pm in front of what was then her office building in Manhattan by 1 Centre Street while she was then the useless New York City Public Advocate. That video recording confirms that I made remarks to her from a sufficient distance away as I reminded her about the conversation that she and I had on 3/18/18 as I sought to get a status update from her then about the commitment that she made to me on 3/18/18 by telling me that she would follow-up with the CCRB. That 5/21/18 video confirms that she clearly stonewalled me then by not addressing that shortly before she then walked away. | https://drive.google.com/file/d/12d_ISpRFGIkQ_ljY64Meo7uDR2tAVgkS/view?usp=sharing |

## **CONCLUSION**

For the foregoing reasons and set of facts, I request that this Court grant this motion in its entirety and for such other and different relief as this Court may deem just and equitable.

From,                                                                                    **Date**: March 31, 2021

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-872-1205
E-mail: Towaki_Komatsu@yahoo.com