UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations. | **STIPULATION AND ORDER REGARDING CLAWBACK AGREEMENT**<br><br>20 Civ. 8924 (CM)(GWG)<br>20 Civ. 10291 (CM)(GWG)<br>20 Civ. 10541 (CM)(GWG)<br>21 Civ. 322 (CM)(GWG)<br>21 Civ. 533 (CM)(GWG)<br>21 Civ. 1904 (CM)(GWG) |

Subject to the Court's approval, the parties in the above-captioned litigation (this "Action") hereby stipulate to the clawback order and the procedures set forth herein for addressing the clawback of privileged and protected information and material.  This Order shall be interpreted to provide the maximum protection allowed by FRE 502(d), FRCP 26(c), and any other applicable law; and shall specifically exclude the application of FRE 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Order.

1.      This Stipulation and Order shall be applicable to and govern all documents and information, including electronically stored information produced by the Parties in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, responses to any other discovery devices, and all other information or material produced, made available for inspection, or otherwise produced and/or submitted by any of the Parties in this litigation as well as testimony adduced at trial, deposition, or during any hearing (collectively, "Discovery Material").

EDG7/2019

2. Any Party's production or disclosure in this proceeding of information or material that is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege or protection applicable to that material or its subject matter in this Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

*Clawback Demand by Producing Party*

3. Any Party that produces Protected Material (the "Producing Party"), or any other party purporting to hold a privilege, may notify in writing the Party receiving Protected Material (the "Receiving Party") that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be returned or destroyed (the "Clawback Demand"). Such demand shall be made after the Producing Party discovers that the Protected Material was produced or disclosed and shall identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document or information) and the basis for the claim of privilege or protection.

*Receiving Party to Immediately Notify Producing Party; Cease Inspection, Use and/or Disclosure of Protected Material*

4. Immediately upon identifying a document or information produced by the Producing Party that appears to be Protected Material, the Receiving Party shall (i) notify the Producing Party in writing of its receipt of the potentially Protected Material, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material, and of any work product,

analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

5. Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege or protection, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

6. In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action.

***Receiving Party to Destroy or Return Protected Material & Related Material***

7. The Receiving Party, within ten (10) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege or protection, shall: (a) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies, (b) notify any third party to whom the Receiving Party sent or disclosed such identified Protected Material to return it to the Producing Party or destroy it; and (c) destroy any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material and/or which were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.  If any additional work product, analyses, memoranda, or notes are later discovered, they shall immediately be destroyed. The Receiving Party shall provide written assurance to the Producing Party that these actions have

been completed within ten (10) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

***Seeking an Order to Produce Protected Material***

8.     Notwithstanding the directives of paragraph 7, if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon the fulfillment of any obligation to meet and confer as may be required by rule or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. The Receiving Party's motion and/or argument to the Court (i) shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in a privilege log; and (ii) shall not disclose that the material was subject to a Clawback Demand. The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice. The Receiving Party is not subject to the directives set forth in paragraph 7 until the Court resolves the Receiving Party's motion, at which time the Court's decision shall govern the treatment of the disputed documents and/or information. The Receiving Party is enjoined from using in any manner the disputed Protected Material, including any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material (aside from the motion as limited in this paragraph), until the motion is resolved.

***Rights, Limitations and Objections Related to this Stipulation and Order***

9. Nothing in this Stipulation and Order is intended to or shall prevent, limit, or restrict the Parties' right to conduct a full review of and apply redactions to, if applicable, documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information prior to production and/or disclosure.

10. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

11. Nothing in this Stipulation and Order shall operate as an admission by the Parties that any particular document or information is or is not responsive, privileged, and/or admissible in this Action.

12. Nothing in this Stipulation and Order will prevent, limit, or restrict the Parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action.

13. This Stipulation and Order may be changed only by further agreement of the Parties in writing or by Order of the Court and is without prejudice to the right of any Party, in good faith, to seek modification of this Stipulation and Order by application to the Court on notice to the other Party.

[Signature page to follow]

**STIPULATED TO:**

Dated: New York, New York
      June 17, 2021

  **Georgia M. Pestana**
  **ACTING CORPORATION COUNSEL**

By: _____
    Brachah Goykadosh
    Dara Weiss
    Elissa B. Jacobs
    100 Church Street
    New York, New York 10007

*Attorneys for Defendants*


  */s/ Travis W. England*
  Jessica Clarke
    *Chief of Civil Rights Bureau*
  Lillian Marquez, *Assistant Attorney General*
  Travis England, *Assistant Attorney General*
  Gregory Morril, *Assistant Attorney General*
  Office of the New York State Attorney General
  28 Liberty Street, 20th Floor
  New York, NY 10005
  Phone: (212) 416-6233
  Travis.England@ag.ny.gov

*Counsel for Plaintiff in People of the State of New York v. City of New York et al, No. 21 Civ. 322*


  */s/ Molly K. Biklen*
  Molly K. Biklen
  Jessica Perry
  Daniel R. Lambright
  Lisa Laplace

Christopher T. Dunn
NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
mbiklen@nyclu.org
jperry@nyclu.org
dlambright@nyclu.org
llaplace@nyclu.org
cdunn@nyclu.org

*/s/ Corey Stoughton*
Corey Stoughton
Jennvine Wong
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
(212) 577-3367
cstoughton@legal-aid.org
jwong@legal-aid.org


*Co-Counsel for Plaintiffs in Payne v. de Blasio, 20 Civ. 8924*

Lance A. Clarke, Esq.
Jason Clark, Esq.
Michael L. Spiegel, Esq.
Joshua S. Moskovitz, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
(212) 729-0952

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, et al, No. 20 Civ. 10291*

Douglas E. Lieb
10 East 40th Street, Suite 3307
New York, NY 10016
(212) 660-2332
dlieb@kllf-law.com

*Counsel for Plaintiff Charles Henry Wood v. de Blasio, et al, No. 20 Civ. 10541*

Stoll, Glickman & Bellina, LLP
Andrew B. Stoll (AS8808)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

*Counsel for Plaintiff in Yates v. City of New York et al, No. 21 Civ. 01904*

**BELDOCK LEVINE & HOFFMAN LLP**

By: _____
   Jonathan C. Moore
   David B. Rankin
   Luna Droubi
   Marc Arena
   Deema Azizi
   Rebecca Pattiz
   Katherine "Q" Adams
   Regina Powers

99 Park Avenue, PH/26th Floor
New York, New York 10016
   t: 212-490-0400
   f: 212-277-5880
   e:  jmoore@blhny.com
      drankin@blhny.com
      ldroubi@blhny.com
      marena@blhny.com
      dazizi@blhny.com
      rpattiz@blhny.com
      qadams@blhny.com
      rpowers@blhny.com

**WYLIE STECKLOW PLLC**

_____
By: Wylie Stecklow
Wylie Stecklow PLLC
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com


**COHEN&GREEN P.L.L.C.**

By: _____
Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
      t: (929) 888-9480
      f: (929) 888-9457
      e: elena@femmelaw.com
         remy@femmelaw.com
         jessica@femmelaw.com

**LORD LAW GROUP PLLC**

_____
Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

*Co-Counsel for Plaintiffs in Sow et al v. City of New York et al, No. 21 Civ. 00533*

**SO ORDERED:**


Dated: _____        _____
       New York, New York              Hon. Gabriel W. Gorenstein