UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK, by
Letitia James, Attorney General of the State of New
York,

                                        Plaintiff,

                  -against-

CITY OF NEW YORK, MAYOR BILL DE
BLASIO, POLICE COMMISSIONER DERMOT F.
SHEA, and CHIEF OF DEPARTMENT TERENCE
A. MONAHAN,

                                        Defendants.

------------------------------------------------------------------------x

**ANSWER TO FIRST**
**AMENDED COMPLAINT**

21-cv-322 (CM)(GWG)

          Defendants[1] City of New York ("City"), Mayor Bill de Blasio, and Chief of

Department Terence A. Monahan[2] ("defendants"), by their attorney, **GEORGIA M. PESTANA**,

Acting Corporation Counsel of the City of New York, as and for their answer to the First

Amended Complaint, respectfully allege as follows:

          1.     Deny the allegations set forth in paragraph "1" of the first amended complaint,

except admit that plaintiffs purport to proceed as stated therein.

          2.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "2" of the first amended complaint.

          3.     Deny the allegations set forth in paragraph "3" of the first amended complaint.

---

[1] The Court's Memorandum Decision and Order Granting in Part and Denying in Part
Defendants' Motion to Dismiss the Amended Complaints, dated July 9, 2021 (see No. 20 Civ.
08924 (CM)(GWG) at Dkt no. 191), dismissed former defendant NYPD Commissioner Dermot
F. Shea from this action; defendants respectfully request that the case caption be amended
accordingly.

[2] Chief Monahan is no longer a member of the NYPD

4.   Deny the allegations set forth in paragraph "4" of the first amended complaint.

5.   Deny the allegations set forth in paragraph "5" of the first amended complaint.

6.   Deny the allegations set forth in paragraph "6" of the first amended complaint.

7.   Deny the allegations set forth in paragraph "7" of the first amended complaint.

8.   Deny the allegations set forth in paragraph "8" of the first amended complaint.

9.   Deny the allegations set forth in paragraph "9" of the first amended complaint.

10. Deny the allegations set forth in paragraph "10" of the first amended complaint.

11. Deny the allegations set forth in paragraph "11" of the first amended complaint except admit that plaintiffs purport to proceed as stated therein.

12. Deny the allegations set forth in paragraph "12" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

13. Deny the allegations set forth in paragraph "13" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

14. Deny the allegations set forth in paragraph "14" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's authority as stated therein.

15. Deny the allegations set forth in paragraph "15" of the first amended complaint, except admit that plaintiffs purport to base venue as stated therein.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the first amended complaint, except admit that Letitia James is the Attorney General of the State of New York.

17. Deny the allegations set forth in paragraph "17" of the first amended complaint.

18. Deny the allegations set forth in paragraph "18" of the first amended complaint.

19. Deny the allegations set forth in paragraph "19" of the first amended complaint except admit that plaintiffs purport to proceed as stated herein..

20. Deny the allegations set forth in paragraph "20" of the first amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

21. Deny the allegations set forth in paragraph "21" of the first amended complaint except admit that defendant de Blasio is the Mayor of New York City.

22. Deny the allegations set forth in paragraph "22" of the first amended complaint except admit that defendant Shea is the New York City Police Commissioner.

23. Deny the allegations set forth in paragraph "23" of the first amended complaint except admit that defendant Monahan was, at all times relevant to the complaint, the Chief of Department for the NYPD.

24. Deny the allegations set forth in paragraph "24" of the first amended complaint.

25. Deny and respectfully refer the Court to the cited article for its full content and context.

26. Deny and respectfully refer the Court to the cited article for its full content and context, except deny the truth of the cited finding.

27. Deny and respectfully refer the Court to the investigation cited by plaintiffs, Letter from Hector Gonzalez, Chair, and Florence L. Finkle, Executive Director, Civilian Complaint Review Board, to Raymond W. Kelly, New York City Police Commissioner (May 9,

2006),                              available                              at:
https://www1.nyc.gov/assets/ccrb/downloads/pdf/policy_pdf/issue_based/20060509_recomm-
rnc.pdf , for its full and accurate content and context.

      28. Deny and respectfully refer the Court to former District Judge Sullivan's Opinion and Order in Dinler v. City of New York, No. 04-Civ.-7921 (RJS)(JCF), 2012 U.S. Dist. LEXIS 141851 (S.D.N.Y. Sept. 30, 2012).

      29. Deny and respectfully refer the Court to the following article on which plaintiffs appear to have relied, Al Baker, 2 Top Officers Criticized for Arrests at 2004 G.O.P. Convention, N.Y. TIMES, May 10, 2006, available at: https://www.nytimes.com/2006/05/10/nyregion/10cnd-ccrb.html, for its full and accurate content and context.

      30. Deny the allegations set forth in paragraph "30" of the first amended complaint except admit that Monahan was promoted to Chief of Department.

      31. Deny and respectfully refer the Court to the cited report for its full content and context.

      32. Deny the merits of the lawsuits cited in paragraph "32" of the first amended complaint, which contains mere allegations without dispositions, and respectfully refer the Court to the cited decisions for their full content and context.

      33. Deny and respectfully refer the Court to the cited report, New York City Dept. of Investigation, Office of the Inspector General for the NYPD (OIG-NYPD), POLICE USE OF FORCE IN NEW YORK CITY: FINDINGS AND RECOMMENDATIONS ON NYPD'S POLICIES AND PRACTICES (Oct. 1, 2015), available at: https://www1.nyc.gov/assets/doi/reports/pdf/2015/2015-10-01-Pr_uofrpt.pdf (hereinafter "NYPD-OIG Report"), for its full content and context.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the first amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the first amended complaint, and respectfully refer the Court to the cited report for its full content and context.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the first amended complaint.

37. Deny the allegations set forth in paragraph "37" of the first amended complaint.

38. Deny the allegations set forth in paragraph "38" of the first amended complaint.

39. Deny the allegations set forth in paragraph "39" of the first amended complaint.

40. Deny and respectfully refer the Court to the cited report, New York City Department of Investigation, INVESTIGATION INTO NYPD RESPONSE TO THE GEORGE FLOYD PROTESTS (Dec. 2020), available at: https://www1.nyc.gov/assets/doi/reports/pdf/2020/DOIRpt.NYPD%20Reponse.%20GeorgeFloyd%20Protests.12.18.2020.pdf, for its full content and context.

41. Deny the allegations set forth in paragraph "41" of the first amended complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the first amended complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the first amended complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the first amended complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the first amended complaint.

46. Deny the allegations set forth in paragraph "46" of the first amended complaint except admit that the NYPD has incurred property damage and  individual members of the NYPD have suffered injuries in the line of duty during protests in New York City since May 2020.

47. Deny the allegations set forth in paragraph "47" of the first amended complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements the Kings County District Attorney may or may not have made.

48.  Deny and respectfully refer the Court to the source apparently relied upon by plaintiffs, "Transcript: Mayor de Blasio Holds Media Availability," June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context.

49. Deny and respectfully refer the Court to the source apparently relied upon by plaintiffs, Gwynne Hogan, WNYC, Scott Heins and Christopher Robbins, Photos: 72 Arrested at George Floyd Protests in Lower Manhattan, GOTHAMIST (May 29, 2020, 10:19 A.M.), https://gothamist.com/news/photos-george-floyd-protests-lower-manhattan-arrests, for its full and accurate content and context.

50. Deny the allegations set forth in paragraph "50" of the first amended complaint.

51. Deny the allegations set forth in paragraph "51" of the first amended complaint except admit that a number of demonstrators were placed under arrest on May 28, 2020.

52. Deny the allegations set forth in paragraph "52" of the first amended complaint except admit that on May 29, 2020, a number of demonstrators were placed under arrest.

53. Deny the allegations set forth in paragraph "53" of the first amended complaint except admit that on May 30, 2020, a number of demonstrators were placed under arrest.

54. Deny the allegations set forth in paragraph "54" of the first amended complaint except admit that on May 31, 2020, a number of demonstrators were placed under arrest.

55. Deny the allegations set forth in paragraph "55" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

56. Deny the allegations set forth in paragraph "56" of the first amended complaint except admit that on June 2, 2020, a number of demonstrators were placed under arrest.

57. Deny the allegations set forth in paragraph "57" of the first amended complaint except admit that on June 3, 2020, a number of demonstrators were arrested.

58. Deny the allegations set forth in paragraph "58" of the first amended complaint except admit that on June 4, 2020, a number of demonstrators were arrested.

59. Deny the allegations set forth in paragraph "59" of the first amended complaint except admit that demonstrations occurred in New York City on June 4, 2020.

60. Deny the allegations set forth in paragraph "60" of the first amended complaint except admit that on June 5, 2020, a number of demonstrators were arrested.

61. Deny the allegations set forth in paragraph "61" of the first amended complaint except admit that protest activity within the City continued through June 2020..

62. Deny the allegations set forth in paragraph "62" of the first amended complaint except admit that on June 28, 2020 there was a demonstration in Manhattan which at some point entered or came close to Washington Square Park..

63. Deny the allegations set forth in paragraph "63" of the first amended complaint except admit that demonstrations occurred at City Hall Park in and around late June 2020 and July 2020..

64. Deny the allegations set forth in paragraph "64" of the first amended complaint except admit that demonstrations occurred in Manhattan on July 28, 2020.

65. Deny the allegations set forth in paragraph "65" of the first amended complaint.

66. Deny the allegations set forth in paragraph "66" of the first amended complaint.

67. Deny the allegations set forth in paragraph "67" of the first amended complaint.

68. Deny the allegations set forth in paragraph "68" of the first amended complaint.

69. Deny the allegations set forth in paragraph "69" of the first amended complaint.

70. Deny the allegations set forth in paragraph "70" of the first amended complaint.

71. Deny the allegations set forth in paragraph "71" of the first amended complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the first amended complaint.

73. Deny the allegations set forth in paragraph "73" of the first amended complaint.

74. Deny the allegations set forth in paragraph "74" of the first amended complaint.

75. Deny the allegations set forth in paragraph "75" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

76. Deny the allegations set forth in paragraph "76" of the first amended complaint and respectfully refer the Court to the cited report for the full content and context of the quoted excerpt.

77. Deny and respectfully refer the Court to the cited report, NEW YORK CITY LAW DEPARTMENT, CORPORATION COUNSEL REPORT PURSUANT TO EXECUTIVE ORDER 58 (JUNE 20, 2020) DIRECTING AN ANALYSIS OF FACTORS IMPACTING THE GEORGE FLOYD PROTESTS IN NEW YORK CITY (2020), available at: https://www1.nyc.gov/assets/law/downloads/pdf/ProtestReport-np.pdf, at page 32 (hereinafter, "Corporation Counsel Report"), for its full and accurate content and context.

78. Deny and respectfully refer the Court to cited report for its full content and context.

79. Deny and respectfully refer the Court to cited report for its full content and context.

80. Deny and respectfully refer the Court to the cited report for its full content and context.

81. Deny the allegations set forth in paragraph "81" of the first amended complaint.

82. Deny the allegations set forth in paragraph "82" of the first amended complaint.

83. Deny and respectfully refer the Court to the Chief of Patrol's full remarks cited by plaintiffs for their content and context.

84. Deny and respectfully refer the Court to the Chief of Patrol's full remarks cited by plaintiffs for their content and context.

85. Deny the allegations set forth in paragraph "85" of the first amended complaint.

86. Deny the allegations set forth in paragraph "86" of the first amended complaint, but admit SRG is a unit within NYPD.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the first amended complaint, and refer the Court to the full content and comments of remarks made by former Commissioner O'Neill

88. Deny the allegations set forth in paragraph "88" of the first amended complaint.

89. Deny the allegations set forth in paragraph "89" of the first amended complaint.

90. Deny the allegations set forth in paragraph "90" of the first amended complaint.

91. Deny the allegations set forth in paragraph "91" of the first amended complaint.

92. Deny the allegations set forth in paragraph "92" of the first amended complaint, but admit SRG officers have specialized training.

93. Deny the allegations set forth in paragraph "93" of the first amended complaint.

94. Deny and respectfully refer the Court to the cited NYC-DOI report and to the Corporation Counsel Report at pages 42-43, for the full and accurate content and contexts to which plaintiffs refer.

95. Deny and respectfully refer the Court to the cited report for its full content and context.

96. Deny and respectfully refer the Court to the Corporation Counsel Report at pages 42-43 for its full and accurate content and context.

97. Deny the allegations set forth in paragraph "97" of the first amended complaint.

98. Deny the allegations set forth in paragraph "98" of the first amended complaint, except admit that Chief Monahan communicated with members of Mayor de Blasio and Commissioner Shea's offices.

99. Deny and respectfully refer the Court to the source apparently relied upon by plaintiffs, Transcript: Mayor de Blasio Holds Media Availability, June 8, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/419-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context.

100.    Deny the allegations set forth in paragraph "100" of the first amended complaint, but admit Commissioner Shea took part in certain press conferences.

101.    Deny and respectfully refer the Court to the source cited by plaintiffs, Transcript: Mayor de Blasio Holds Media Availability, June 7, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context.

102.    Deny the allegations set forth in paragraph "102" of the first amended complaint.

103.    Deny the allegations set forth in paragraph "103" of the first amended complaint.

104.    Deny the allegations set forth in paragraph "104" of the first amended complaint.

105.    Deny the allegations set forth in paragraph "105" of the first amended complaint.

106.    Deny the allegations set forth in paragraph "106" of the first amended complaint.

107.    Deny and respectfully refer the Court to the cited report for its full content and context.

108.    Deny the allegations set forth in paragraph "108" of the first amended complaint.

109.    Deny the allegations set forth in paragraph "109" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context..

110.    Deny the allegations set forth in paragraph "110" of the first amended complaint and respectfully refer the Court to the cited video statement, "Mayor de Blasio releases video supporting DOI investigation of NYPD protest response," at: https://www.youtube.com/watch?v=SUB0Qtxwjak, for its full and accurate content and context.

111.    Deny the allegations set forth in paragraph "111" of the first amended complaint.

112.    Deny the allegations set forth in paragraph "112" of the first amended complaint.

113.    Deny the allegations set forth in paragraph "113" of the first amended complaint.

114.    Deny and respectfully refer the Court to Associated Press, PIX11 Web Team, Nicole Johnson, "NYPD Commissioner: MLK march was 'antithesis of what Martin Luther King stood for,'" PIX11 (Posted: Jan. 19, 2021, 9:43 AM EST / Updated: Jan. 19, 2021, 5:53 PM EST), https://pix11.com/news/local-news/manhattan/nypd-commissioner-mlk-day-march-was-antithesis-of-what-martin-luther-king-stood-for/#:~:text=Day%20march%20in%20Manhattan%20that,for%20the%20death%20of%20officers, for the full content and context of the Commissioner's cited remarks.

115.    Deny the allegations set forth in paragraph "115" of the first amended complaint.

116.    Deny the allegations set forth in paragraph "116" of the first amended complaint.

117.    Deny the allegations set forth in paragraph "117" of the first amended complaint.

118.    Deny the allegations set forth in paragraph "118" of the first amended complaint.

119.    Deny the allegations set forth in paragraph "119" of the first amended complaint.

120.    Deny the allegations set forth in paragraph "120" of the first amended complaint.

121.    Deny the allegations set forth in paragraph "121" of the first amended complaint.

122.    Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 221-02, "Use of Force," at pages 1-2, for its full and accurate content and context.

123.    Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 221-02, "Use of Force," at page 2, for its full and accurate content and context.

124.    Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 221-02, "Use of Force," for its full and accurate content and context.

125.    Deny the allegations set forth in paragraph "125" of the first amended complaint.

126.    Deny the allegations set forth in paragraph "126" of the first amended complaint.

127.    Deny the allegations set forth in paragraph "127" of the first amended complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the first amended complaint.

129.    Deny the allegations set forth in paragraph "129" of the first amended complaint.

130.    Deny the allegations set forth in paragraph "130" of the first amended complaint.

131.    Deny the allegations set forth in paragraph "131" of the first amended complaint.

132.    Deny the allegations set forth in paragraph "132" of the first amended complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the first amended complaint.

134.    Deny the allegations set forth in paragraph "134" of the first amended complaint.

135.    Deny the allegations set forth in paragraph "135" of the first amended complaint.

136.    Deny the allegations set forth in paragraph "136" of the first amended complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the first amended complaint.

138.    Deny the allegations set forth in paragraph "138" of the first amended complaint.

139.     Deny the allegations set forth in paragraph "139" of the first amended complaint.

140.     Deny the allegations set forth in paragraph "140" of the first amended complaint.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the first amended complaint.

142.     Deny the allegations set forth in paragraph "142" of the first amended complaint.

143.     Deny the allegations set forth in paragraph "143" of the first amended complaint.

144.     Deny the allegations set forth in paragraph "144" of the first amended complaint.

145.     Deny the allegations set forth in paragraph "145" of the first amended complaint.

146.     Deny the allegations set forth in paragraph "146" of the first amended complaint.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the first amended complaint.

148.     Deny the allegations set forth in paragraph "148" of the first amended complaint.

149.     Deny the allegations set forth in paragraph "149" of the first amended complaint.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the first amended complaint.

151.    Deny the allegations set forth in paragraph "151" of the first amended complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the first amended complaint.

153.    Deny the allegations set forth in paragraph "153" of the first amended complaint.

154.    Deny the allegations set forth in paragraph "154" of the first amended complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the first amended complaint.

156.    Deny the allegations set forth in paragraph "156" of the first amended complaint.

157.    Deny the allegations set forth in paragraph "157" of the first amended complaint.

158.    Deny the allegations set forth in paragraph "158" of the first amended complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the first amended complaint.

160.    Deny the allegations set forth in paragraph "160" of the first amended complaint.

161.    Deny the allegations set forth in paragraph "161" of the first amended complaint.

162.    Deny the allegations set forth in paragraph "162" of the first amended complaint.

163.    Deny the allegations set forth in paragraph "163" of the first amended complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the first amended complaint.

165.    Deny the allegations set forth in paragraph "165" of the first amended complaint.

166.    Deny the allegations set forth in paragraph "166" of the first amended complaint.

167.    Deny the allegations set forth in paragraph "167" of the first amended complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the first amended complaint.

169.    Deny the allegations set forth in paragraph "169" of the first amended complaint.

170.    Deny the allegations set forth in paragraph "170" of the first amended complaint.

171.    Deny the allegations set forth in paragraph "171" of the first amended complaint.

172.    Admit the allegations set forth in paragraph "172" of the first amended complaint.

173.    Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 221-07, "Use of Oleoresin Capsicum Pepper Spray Devices," at page 2, for its full and accurate content and context.

174.    Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 221-07, "Use of Oleoresin Capsicum Pepper Spray Devices," at page 2, for its full and accurate content and context.

175.    Deny the allegations set forth in paragraph "175" of the first amended complaint.

176.    Deny the allegations set forth in paragraph "176" of the first amended complaint.

177.    Deny the allegations set forth in paragraph "177" of the first amended complaint.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the first amended complaint.

179.    Deny the allegations set forth in paragraph "179" of the first amended complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the first amended complaint.

181.    Deny the allegations set forth in paragraph "181" of the first amended complaint.

182.     Deny the allegations set forth in paragraph "182" of the first amended complaint.

183.     Deny the allegations set forth in paragraph "183" of the first amended complaint.

184.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the first amended complaint.

185.     Deny the allegations set forth in paragraph "185" of the first amended complaint.

186.     Deny the allegations set forth in paragraph "186" of the first amended complaint.

187.     Deny the allegations set forth in paragraph "187" of the first amended complaint.

188.     Deny the allegations set forth in paragraph "188" of the first amended complaint.

189.     Deny the allegations set forth in paragraph "189" of the first amended complaint.

190.     Deny the allegations set forth in paragraph "190" of the first amended complaint.

191.     Deny the allegations set forth in paragraph "191" of the first amended complaint.

192.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the first amended complaint, and respectfully

refer the Court to the cited body-worn camera footage released and posted to YouTube on June 16, 2020 by the NYPD, at: https://www.youtube.com/watch?v=jOWyhvruDgA.

193.    Deny the allegations set forth in paragraph "193" of the first amended complaint.

194.    Deny the allegations set forth in paragraph "194" of the first amended complaint.

195.    Deny the allegations set forth in paragraph "195" of the first amended complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the first amended complaint.

197.    Deny the allegations set forth in paragraph "197" of the first amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the first amended complaint.

199.    Deny the allegations set forth in paragraph "199" of the first amended complaint.

200.    Deny and respectfully refer the Court to the cited report for its full content and context.

201.    Deny the allegations set forth in paragraph "201" of the first amended complaint.

202.    Deny the allegations set forth in paragraph "202" of the first amended complaint.

203.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the first amended complaint.

204.    Deny the allegations set forth in paragraph "204" of the first amended complaint.

205.    Deny the allegations set forth in paragraph "205" of the first amended complaint.

206.    Deny the allegations set forth in paragraph "206" of the first amended complaint.

207.    Deny the allegations set forth in paragraph "207" of the first amended complaint.

208.    Deny the allegations set forth in paragraph "208" of the first amended complaint.

209.    Deny the allegations set forth in paragraph "209" of the first amended complaint.

210.    Deny the allegations set forth in paragraph "210" of the first amended complaint.

211.    Deny the allegations set forth in paragraph "211" of the first amended complaint.

212.    Deny the allegations set forth in paragraph "212" of the first amended complaint.

213.    Deny the allegations set forth in paragraph "213" of the first amended complaint.

214.    Deny the allegations set forth in paragraph "214" of the first amended complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the first amended complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the first amended complaint.

217.    Deny the allegations set forth in paragraph "217" of the first amended complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the first amended complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the first amended complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the first amended complaint.

221.    Deny the allegations set forth in paragraph "221" of the first amended complaint.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the first amended complaint.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the first amended complaint.

224.    Deny the allegations set forth in paragraph "224" of the first amended complaint.

225.    Deny the allegations set forth in paragraph "225" of the first amended complaint.

226.    Deny the allegations set forth in paragraph "226" of the first amended complaint.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the first amended complaint.

228.    Deny the allegations set forth in paragraph "228" of the first amended complaint, except admit that Beauval was arrested.

229.    Deny the allegations set forth in paragraph "229" of the first amended complaint.

230.    Deny the allegations set forth in paragraph "230" of the first amended complaint.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the first amended complaint.

232.    Deny the allegations set forth in paragraph "232" of the first amended complaint.

233.    Deny the allegations set forth in paragraph "233" of the first amended complaint.

234.    Deny the allegations set forth in paragraph "234" of the first amended complaint.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the first amended complaint.

236.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the first amended complaint.

237.   Deny the allegations set forth in paragraph "237" of the first amended complaint.

238.   Deny the allegations set forth in paragraph "238" of the first amended complaint.

239.   Deny the allegations set forth in paragraph "239" of the first amended complaint.

240.   Deny the allegations set forth in paragraph "240" of the first amended complaint.

241.   Deny the allegations set forth in paragraph "241" of the first amended complaint.

242.   Deny the allegations set forth in paragraph "242" of the first amended complaint.

243.   Deny the allegations set forth in paragraph "243" of the first amended complaint.

244.   Deny the allegations set forth in paragraph "244" of the first amended complaint.

245.   Deny the allegations set forth in paragraph "245" of the first amended complaint.

246.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "246" of the first amended complaint.

247.    Deny the allegations set forth in paragraph "247" of the first amended complaint.

248.    Deny the allegations set forth in paragraph "248" of the first amended complaint.

249.    Deny the allegations set forth in paragraph "249" of the first amended complaint.

250.    Deny the allegations set forth in paragraph "250" of the first amended complaint.

251.    Deny the allegations set forth in paragraph "251" of the first amended complaint.

252.    Deny the allegations set forth in paragraph "252" of the first amended complaint.

253.    Deny the allegations set forth in paragraph "253" of the first amended complaint.

254.    Deny the allegations set forth in paragraph "254" of the first amended complaint.

255.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "255" of the first amended complaint.

256.    Deny the allegations set forth in paragraph "256" of the first amended complaint.

257.    Deny the allegations set forth in paragraph "257" of the first amended complaint.

258.    Deny the allegations set forth in paragraph "258" of the first amended complaint.

259.    Deny the allegations set forth in paragraph "259" of the first amended complaint.

260.    Deny the allegations set forth in paragraph "260" of the first amended complaint.

261.    Deny the allegations set forth in paragraph "261" of the first amended complaint.

262.    Deny the allegations set forth in paragraph "262" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

263.    Deny the allegations set forth in paragraph "263" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

264.    Deny the allegations set forth in paragraph "264" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

265.    Deny the allegations set forth in paragraph "265" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

266.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "266" of the first amended complaint.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "267" of the first amended complaint.

268.    Deny the allegations set forth in paragraph "268" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

269.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "269" of the first amended complaint, as the emails cited by plaintiffs in paragraphs "269" through "271" are evidently documented in a "Letter from the National Lawyers Guild to the New State Attorney General's Office on file with Human Rights Watch" (see HUMAN RIGHTS WATCH, "KETTLING" PROTESTERS IN THE BRONX: SYSTEMIC POLICE BRUTALITY AND ITS COSTS IN THE UNITED STATES (2020), fn 107, https://www.hrw.org/node/376494/printable/print), to which defendants are not privy.

270.    Deny the allegations set forth in paragraph "270" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

271.    Deny the allegations set forth in paragraph "271" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

272.    Deny the allegations set forth in paragraph "272" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

273.    Deny and respectfully refer the Court to the "Finest Message" cited by plaintiffs for its full and accurate content and context.

274.    Deny and respectfully refer the Court to the "Finest Message" cited by plaintiffs for its full and accurate content and context.

275.    Deny the allegations set forth in paragraph "275" of the first amended complaint.

276.    The allegations set forth in paragraph "276" of the complaint are legal conclusions to which no response is required.

277.    Deny the allegations set forth in paragraph "277" of the first amended complaint and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 213-

11, "Policing Special Events/Crowd Control," at page 5, for its full and accurate content and context.

278.    Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 203-09, "When a Member of the Service Encounters an Individual Observing, Photographing, and/or Recording Police Activity," at page 1, for its full and accurate content and context.

279.    Deny the allegations set forth in paragraph "279" of the first amended complaint.

280.    Deny the allegations set forth in paragraph "280" of the first amended complaint.

281.    Deny the allegations set forth in paragraph "281" of the first amended complaint.

282.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "282" of the first amended complaint.

283.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "283" of the first amended complaint.

284.    Deny the allegations set forth in paragraph "284" of the first amended complaint.

285.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "285" of the first amended complaint.

286.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "286" of the first amended complaint.

287.     Deny the allegations set forth in paragraph "287" of the first amended complaint.

288.     Deny the allegations set forth in paragraph "288" of the first amended complaint.

289.     Deny the allegations set forth in paragraph "289" of the first amended complaint.

290.     Deny the allegations set forth in paragraph "290" of the first amended complaint.

291.     Deny the allegations set forth in paragraph "291" of the first amended complaint.

292.     Deny the allegations set forth in paragraph "289" of the first amended complaint, except admit that Chief Monahan was present in Mott Haven on June 4, 2020.

293.     Deny the allegations set forth in paragraph "293" of the first amended complaint, but admit Chief Monahan is captured on certain portions of video.

294.     Deny the allegations set forth in paragraph "294" of the first amended complaint but admit Chief Monahan is captured on certain portions of video

295.     Deny the allegations set forth in paragraph "295" of the first amended complaint, but admit Chief Monahan is captured on certain portions of video.

296.     Deny the allegations set forth in paragraph "296" of the first amended complaint.

297.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the first amended complaint, as plaintiffs failed

to specifically identify or provide a source or citation for the alleged published statement and defendants have been unable to locate the same.

298.    Deny the allegations set forth in paragraph "298" of the first amended complaint.

299.    Deny the allegations set forth in paragraph "299" of the first amended complaint.

300.    Deny the allegations set forth in paragraph "296" of the first amended complaint, except admit that Dr. Pappas was placed under arrest.

301.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "301" of the first amended complaint.

302.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "302" of the first amended complaint.

303.    Deny except admit that Dr. Pappas was placed under arrest.

304.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "304" of the first amended complaint.

305.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "305" of the first amended complaint.

306.    Deny the allegations set forth in paragraph "306" of the first amended complaint, except admit that Primiano was placed under arrest.

307.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "307" of the first amended complaint.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "308" of the first amended complaint.

309.     Deny the allegations set forth in paragraph "309" of the first amended complaint.

310.     Deny the allegations set forth in paragraph "310" of the first amended complaint, except admit that Dr. DeLuca was placed under arrest.

311.     Deny the allegations set forth in paragraph "311" of the first amended complaint.

312.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "312" of the first amended complaint.

313.     Deny the allegations set forth in paragraph "313" of the first amended complaint.

314.     Deny the allegations set forth in paragraph "314" of the first amended complaint.

315.     Deny the allegations set forth in paragraph "315" of the first amended complaint.

316.     Deny the allegations set forth in paragraph "316" of the first amended complaint.

317.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "317" of the first amended complaint, but deny any alleged injuries were caused by defendants.

318.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "318" of the first amended complaint.

319.     Deny the allegations set forth in paragraph "319" of the first amended complaint.

320.    Deny the allegations set forth in paragraph "320" of the first amended complaint.

321.    Deny the allegations set forth in paragraph "321" of the first amended complaint.

322.    Deny the allegations set forth in paragraph "322" of the first amended complaint.

323.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "323" of the first amended complaint, except admit that Morales was issued a criminal summons for violating curfew.

324.    Deny the allegations set forth in paragraph "324" of the first amended complaint.

325.    Deny the allegations set forth in paragraph "325" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

326.    Deny and respectfully refer the Court to the cited press conferences, "Transcript: Mayor de Blasio Holds Media Availability," June 3, 2020, https://www1.nyc.gov/office-of-the-mayor/news/402-20/transcript-mayor-de-blasio-holds-media-availability, and "Transcript: Mayor de Blasio Holds Media Availability," June 4, 2020, https://www1.nyc.gov/office-of-the-mayor/news/406-20/transcript-mayor-de-blasio-holds-media-availability, for their full and accurate content and context.

327.    Deny the allegations set forth in paragraph "327" of the first amended complaint.

328.    Deny the allegations set forth in paragraph "328" of the first amended complaint.

329.     Deny the allegations set forth in paragraph "329" of the first amended complaint.

330.     Deny knowledge or information  sufficient to form a belief as to the truth of the allegations set forth in paragraph "330" of the first amended complaint, except admit that demonstrations took place in the City on June 2, 2020.

331.     Deny the allegations set forth in paragraph "331" of the first amended complaint.

332.     Deny the allegations set forth in paragraph "331" of the first amended complaint.

333.     Deny the allegations set forth in paragraph "333" of the first amended complaint.

334.     Deny the allegations set forth in paragraph "334" of the first amended complaint.

335.     Deny the truth of the allegations set forth in paragraph "335" of the first amended complaint, but admit certain elected officials were in contact with the NYPD.

336.     Deny the allegations set forth in paragraph "335" of the first amended complaint.

337.     Deny the allegations set forth in paragraph "337" of the first amended complaint.

338.     Deny the allegations set forth in paragraph "338" of the first amended complaint.

339.     Deny the allegations set forth in paragraph "339" of the first amended complaint.

340.   Deny the allegations set forth in paragraph "340" of the first amended complaint.

341.   Deny the allegations set forth in paragraph "341" of the first amended complaint.

342.   Deny the allegations set forth in paragraph "342" of the first amended complaint.

343.   Deny the allegations set forth in paragraph "343" of the first amended complaint.

344.   Deny the allegations set forth in paragraph "344" of the first amended complaint.

345.   Deny the allegations set forth in paragraph "345" of the first amended complaint.

346.   Deny the allegations set forth in paragraph "346" of the first amended complaint.

347.   Deny except admit that demonstrations took place in the City on June 3, 2020.

348.   Deny except admit that demonstrations took place in the City on June 3, 2020.

349.   Deny the allegations set forth in paragraph "349" of the first amended complaint.

350.   Deny the allegations set forth in paragraph "350" of the first amended complaint.

351.    Deny the allegations set forth in paragraph "351" of the first amended complaint.

352.    Deny the allegations set forth in paragraph "352" of the first amended complaint.

353.    Deny the allegations set forth in paragraph "353" of the first amended complaint.

354.    Deny the allegations set forth in paragraph "354" of the first amended complaint.

355.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "355" of the first amended complaint, except admit that demonstrations took place in the City on June 4, 2020.

356.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "356" of the first amended complaint, except admit that demonstrations took place in the City on June 4, 2020.

357.    Deny the allegations set forth in paragraph "357" of the first amended complaint.

358.    Deny the allegations set forth in paragraph "358" of the first amended complaint.

359.    Deny the allegations set forth in paragraph "359" of the first amended complaint.

360.    Deny the allegations set forth in paragraph "360" of the first amended complaint.

361.    Deny the allegations set forth in paragraph "361" of the first amended complaint.

362.    Deny the allegations set forth in paragraph "362" of the first amended complaint.

363.    Deny the allegations set forth in paragraph "363" of the first amended complaint.

364.    Deny the allegations set forth in paragraph "364" of the first amended complaint.

365.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "365" of the first amended complaint, but deny any alleged injuries were caused by defendants.

366.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "366" of the first amended complaint, except admit that a demonstration was held in Mott Haven on June 4, 2020.

367.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "367" of the first amended complaint, except admit that a demonstration was held in Mott Haven on June 4, 2020.

368.    Deny the allegations set forth in paragraph "368" of the first amended complaint.

369.    Deny the allegations set forth in paragraph "369" of the first amended complaint.

370.    Deny except admit that Chief Monahan was present in Mott Haven on June 4, 2020.

371.    Deny the allegations set forth in paragraph "371" of the first amended complaint.

372.    Deny and respectfully refer the Court to the cited press conference, "Transcript: Mayor de Blasio Holds Media Availability," June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-mayor-de-blasio-holds-media-availability, for its full content and context.

373.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "373" of the first amended complaint.

374.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "374" of the first amended complaint.

375.    Deny the allegations set forth in paragraph "375" of the first amended complaint.

376.    Deny the allegations set forth in paragraph "376" of the first amended complaint.

377.    Deny the allegations set forth in paragraph "377" of the first amended complaint.

378.    Deny the allegations set forth in paragraph "378" of the first amended complaint.

379.    Deny the allegations set forth in paragraph "379" of the first amended complaint.

380.    Deny the allegations set forth in paragraph "380" of the first amended complaint.

381.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "381" of the first amended complaint.

382.    Deny the allegations set forth in paragraph "382" of the first amended complaint.

383.    Deny the allegations set forth in paragraph "383" of the first amended complaint.

384.    Deny the allegations set forth in paragraph "384" of the first amended complaint.

385.    Deny the allegations set forth in paragraph "385" of the first amended complaint.

386.    Deny the allegations set forth in paragraph "386" of the first amended complaint.

387.    Deny and respectfully refer the Court to the source apparently relied upon by plaintiffs, Jake Offenhartz, Nick Pinto and Gwynne Hogan, WNYC, NYPD's Ambush of Peaceful Bronx Protesters Was "Executed Nearly Flawlessly," City Leaders Agree, GOTHAMIST (June 5, 2020, 3:34 P.M.), https://gothamist.com/news/nypds-ambush-of-peaceful-bronx-protesters-was-executed-nearly-flawlessly-city-leaders-agree, for its full content and context.

388.    Deny the allegations set forth in paragraph "388" of the first amended complaint.

389.    Deny the allegations set forth in paragraph "389" of the first amended complaint.

390.    Deny the allegations set forth in paragraph "390" of the first amended complaint.

391.    Deny the allegations set forth in paragraph "391" of the first amended complaint.

392.    Deny the allegations set forth in paragraph "392" of the first amended complaint.

393.    Deny the allegations set forth in paragraph "392" of the first amended complaint.

394.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "394" of the first amended complaint.

395.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "395" of the first amended complaint.

396.    Deny the allegations set forth in paragraph "396" of the first amended complaint.

397.    Deny the allegations set forth in paragraph "397" of the first amended complaint.

398.    Deny the allegations set forth in paragraph "398" of the first amended complaint.

399.    The allegations set forth in paragraph "399" of the complaint are legal conclusions to which no response is required.

400.    The allegations set forth in paragraph "400" of the complaint are legal conclusions to which no response is required.

401.     Deny the allegations set forth in paragraph "401" of the first amended complaint.

402.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "402" of the first amended complaint.

403.     Deny the allegations set forth in paragraph "403" of the first amended complaint.

404.     Deny the allegations set forth in paragraph "404" of the first amended complaint.

405.     Deny the allegations set forth in paragraph "405" of the first amended complaint.

406.     Deny the allegations set forth in paragraph "406" of the first amended complaint, except admit that Boykins was issued at least one criminal summons.

407.     Deny the allegations set forth in paragraph "407" of the first amended complaint.

408.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "408" of the first amended complaint.

409.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "409" of the first amended complaint.

410.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "410" of the first amended complaint.

411.     Deny the allegations set forth in paragraph "411" of the first amended complaint.

412.    Deny the allegations set forth in paragraph "412" of the first amended complaint.

413.    Deny the allegations set forth in paragraph "413" of the first amended complaint.

414.    Deny the allegations set forth in paragraph "414" of the first amended complaint.

415.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "415" of the first amended complaint.

416.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "416" of the first amended complaint.

417.    Deny the allegations set forth in paragraph "417" of the first amended complaint.

418.    Deny the allegations set forth in paragraph "418" of the first amended complaint.

419.    Deny the allegations set forth in paragraph "419" of the first amended complaint.

420.    Deny the allegations set forth in paragraph "420" of the first amended complaint.

421.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "421" of the first amended complaint.

422.    Deny the allegations set forth in paragraph "422" of the first amended complaint.

423. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "423" of the first amended complaint.

424. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "424" of the first amended complaint.

425. Deny the allegations set forth in paragraph "425" of the first amended complaint.

426. Deny the allegations set forth in paragraph "426" of the first amended complaint.

427. Deny the allegations set forth in paragraph "427" of the first amended complaint.

428. Deny the allegations set forth in paragraph "428" of the first amended complaint.

429. Deny the allegations set forth in paragraph "429" of the first amended complaint.

430. Deny the allegations set forth in paragraph "430" of the first amended complaint.

431. In response to the allegations set forth in paragraph "431" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

432. State that the allegations set forth in paragraph "432" of the first amended complaint are legal conclusions to which no response is required.

433. Deny the allegations set forth in paragraph "433" of the first amended complaint.

434.    Deny the allegations set forth in paragraph "434" of the first amended complaint.

435.    Deny the allegations set forth in paragraph "435" of the first amended complaint.

436.    Deny the allegations set forth in paragraph "436" of the first amended complaint.

437.    Deny the allegations set forth in paragraph "437" of the first amended complaint.

438.    Deny the allegations set forth in paragraph "438" of the first amended complaint.

439.    Deny the allegations set forth in paragraph "439" of the first amended complaint.

440.    Deny the allegations set forth in paragraph "440" of the first amended complaint.

441.    In response to the allegations set forth in paragraph "441" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

442.    State that the allegations set forth in paragraph "442" of the first amended complaint are legal conclusions to which no response is required.

443.    Deny the allegations set forth in paragraph "443" of the first amended complaint.

444.    Deny the allegations set forth in paragraph "444" of the first amended complaint.

445.    Deny the allegations set forth in paragraph "445" of the first amended complaint.

446.    Deny the allegations set forth in paragraph "446" of the first amended complaint.

447.    Deny the allegations set forth in paragraph "447" of the first amended complaint.

448.    Deny the allegations set forth in paragraph "448" of the first amended complaint.

449.    Deny the allegations set forth in paragraph "449" of the first amended complaint.

450.    Deny the allegations set forth in paragraph "450" of the first amended complaint.

451.    In response to the allegations set forth in paragraph "451" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

452.    State that the allegations set forth in paragraph "452" of the first amended complaint are legal conclusions to which no response is required.

453.    Deny the allegations set forth in paragraph "453" of the first amended complaint.

454.    Deny the allegations set forth in paragraph "454" of the first amended complaint.

455.    Deny the allegations set forth in paragraph "455" of the first amended complaint.

456.    Deny the allegations set forth in paragraph "456" of the first amended complaint.

457.    Deny the allegations set forth in paragraph "457" of the first amended complaint.

458.    Deny the allegations set forth in paragraph "458" of the first amended complaint.

459.    Deny the allegations set forth in paragraph "459" of the first amended complaint.

460.    Deny the allegations set forth in paragraph "460" of the first amended complaint.

461.    In response to the allegations set forth in paragraph "461" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

462.    Deny the allegations set forth in paragraph "462" of the first amended complaint.

463.    Deny the allegations set forth in paragraph "463" of the first amended complaint.

464.    Deny the allegations set forth in paragraph "464" of the first amended complaint.

465.    Deny and state that the allegations set forth in paragraph "465" of the first amended complaint which constitute legal conclusions do not require a response.

466.    In response to the allegations set forth in paragraph "466" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

467.    Deny the allegations set forth in paragraph "467" of the first amended complaint.

468.    Deny the allegations set forth in paragraph "468" of the first amended complaint.

469.    Deny the allegations set forth in paragraph "469" of the first amended complaint.

470.    Deny and state that the allegations set forth in paragraph "470" of the first amended complaint which constitute legal conclusions do not require a response.

471.    In response to the allegations set forth in paragraph "471" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

472.    Deny the allegations set forth in paragraph "472" of the first amended complaint.

473.    Deny the allegations set forth in paragraph "473" of the first amended complaint.

474.    Deny the allegations set forth in paragraph "474" of the first amended complaint.

475.    Deny the allegations set forth in paragraph "475" of the first amended complaint.

476.    Deny the allegations set forth in paragraph "476" of the first amended complaint.

477.    Deny and state that the allegations set forth in paragraph "477" of the first amended complaint which constitute legal conclusions do not require a response.

478.    In response to the allegations set forth in paragraph "478" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

479.    Deny the allegations set forth in paragraph "479" of the first amended complaint.

480.    Deny the allegations set forth in paragraph "480" of the first amended complaint.

481.    Deny and state that the allegations set forth in paragraph "481" of the first amended complaint which constitute legal conclusions do not require a response.

482.    In response to the allegations set forth in paragraph "482" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

483.    Deny the allegations set forth in paragraph "483" of the first amended complaint.

484.    Deny the allegations set forth in paragraph "484" of the first amended complaint.

485.    Deny and state that the allegations set forth in paragraph "485" of the first amended complaint which constitute legal conclusions do not require a response.

486. In response to the allegations set forth in paragraph "486" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

487. Deny the allegations set forth in paragraph "487" of the first amended complaint.

488. Deny and state that the allegations set forth in paragraph "488" of the first amended complaint which constitute legal conclusions do not require a response.

489. In response to the allegations set forth in paragraph "489" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

490. Deny the allegations set forth in paragraph "490" of the first amended complaint.

491. Deny the allegations set forth in paragraph "491" of the first amended complaint.

492. Deny and respectfully refer the Court to the cited NYPD Patrol Guide Procedure No. 221-02, "Use of Force," at page 3, for its full and accurate content and context.

493. Deny and state that the allegations set forth in paragraph "493" of the first amended complaint which constitute legal conclusions do not require a response.

494. In response to the allegations set forth in paragraph "494" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

495. Deny the allegations set forth in paragraph "495" of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE:

496.    The first amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

497.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## THIRD AFFIRMATIVE DEFENSE:

498.    Defendants de Blasio, Shea, and Monahan did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

499.    Defendants City of New York, de Blasio, Shea, and Monahan have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, Shea, and Monahan violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

500.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

501.    Punitive damages cannot be assessed against defendant City.

Case 1:21-cv-00322-CM   Document 117   Filed 07/23/21   Page 51 of 53

**SEVENTH AFFIRMATIVE DEFENSE:**

502.    Plaintiffs provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE:**

503.    Plaintiffs may have failed to mitigate their alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

504.    Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE:**

505.    At all times relevant to the acts alleged in the complaint, defendants de Blasio, Shea, and Monahan acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE:**

506.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**TWELFTH AFFIRMATIVE DEFENSE:**

507.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

**THIRTEENTH AFFIRMATIVE DEFENSE:**

508.    Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**WHEREFORE,** defendants City, Mayor de Blasio, and former Chief of Department Monahan, respectfully request that the first amended complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                July 23, 2021

                                        **GEORGIA M. PESTANA**
                                        Acting Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street,
                                        New York, N.Y. 10007-2601
                                        212-356-3517


                                   By:   _Dara L. Weiss s/_
                                         _____
                                                Dara L. Weiss



cc:             **BY ECF**
                Letitia James
                *Attorney General of the State of New York*
                Jessica Clarke
                *Chief of Civil Rights Bureau*
                *Office of the New York State Attorney General*

21-cv-322 (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK, <u>et al</u>.,

                                         Plaintiff,

                    -against-

CITY OF NEW YORK, <u>et al</u>.,

                                      Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

*GEORGIA M. PESTANA*

Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room
New York, New York  10007-2601

Of  Counsel: Dara L. Weiss
Tel.:  212-356-3517

*Service of which is hereby acknowledged:*

........................................, N.Y.  Dated:  ..........................................

Signed:  ............................................................................................

Print Name: ......................................................................................

Attorney for: .....................................................................................