

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **OMAR J. SIDDIQI**<br>*Senior Counsel*<br>osiddiqi@law.nyc.gov<br>Phone: (212) 356-2345<br>Fax: (212) 356-1148 |

**By ECF**  
Honorable Colleen McMahon  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

February 27, 2024

      In Re:  *New York City Policing During Summer 2020 Demonstrations*,  
             No. 20 Civ. 8924 (CM) (GWG)  
             This filing is related to all cases

Your Honor:

      I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and one of the attorneys assigned to the above-captioned matters. The City writes to request a brief stay—through March 8, 2024—of implementation of the settlement agreement between the parties that was the subject of the Court's Order dated February 7, 2024, in which the Court denied the motion of the Police Benevolent Association (PBA), and granted the parties' motion to endorse the proposed settlement and dismiss these consolidated actions. This request is based on the City's understanding of the Court's previous order as immediately implementing the proposed settlement, and also triggering the PBA's time to appeal.

      The City is requesting this stay to allow the time for any potential appeal by the PBA to expire. If the PBA does not appeal Your Honor's previous order, then the City is prepared to proceed with the terms and conditions of the parties' settlement agreement without further delay. However, if the PBA does file a notice of appeal, any further implementation of the settlement agreement would be subject to the direction of the Court of Appeals, which would likely seek to preserve the status quo during the pendency of any appeal.

      The City is concerned that attempting to implement the settlement agreement at this juncture, when its final status is still subject to appellate review, could result in costly and irreversible consequences should any portion of that agreement be overturned on appeal. The City therefore wishes to avoid any such possibility by briefly staying the implementation of the settlement agreement until the PBA's time to appeal has run.

      For the foregoing reasons, the City respectfully requests that the Court endorse the attached Proposed Order, staying implementation of the settlement agreement to and including March 8, 2024, which is the City's understanding of the deadline for the PBA to file a notice of appeal.

      Respectfully submitted,

      */s/ Omar J. Siddiqi*
      Omar J. Siddiqi
      *Senior Counsel*
      Special Federal Litigation Division

cc:    ALL COUNSEL (*via* ECF)